[S. F. No. 7533. In Bank.—July 25, 1916.]

ELLA FRENCH, Respondent, v. JESSE B. COOK et al., as Trustees of the Police Relief and Pension Fund, Appellants.

SAN FRANCISCO POLICE PENSION FUND—PENSION TO WIDOW OF DECEASED OFFICER—DUTY OF TRUSTEES—CHARTER.—Under the provisions of the charter of the city and county of San Francisco providing for a Police Relief and Pension Fund and its disposition, it is the duty of the board of trustees of such fund, upon an application being made to it for a pension by a widow of a police officer, to grant the application, where it is shown that such officer was injured while in the performance of his duty as a member of the police department, and died as a result of such injury within one year from the date thereof.

ID.—POWERS OF BOARD—PROOF OF ESSENTIAL FACTS.—The board of trustees of the Police Relief and Pension Fund of the city and county of San Francisco has no judicial power to finally determine any question of fact connected with an application for such a pension, and, where it is not satisfied with the evidence of the essential facts, may refuse to act until required to do so by the judgment of some tribunal invested with power to finally determine the controversy.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco, and from an order denying a new trial. J. M. Seawell, Judge.

The facts are stated in the opinion of the court.

Percy V. Long, City Attorney, and Harry G. McKannay, Assistant City Attorney, for Appellants.

J. E. White, for Respondent.

ANGELLOTTI, C. J.—This is a proceeding in mandate by the surviving wife of Frederick W. French, deceased, who was at the time of his death a member of the police department of the city and county of San Francisco, against the board of trustees of the Police Relief and Pension Fund of said city and county and their secretary, to compel provision for and payment by said board of a monthly pension to plaintiff, on the theory that her husband was injured while in the per-

formance of his duty as a member of the police department, and died as a result of such injury within one year from the date thereof.

By the terms of the charter of San Francisco the board of police commissioners constitutes a board of trustees of the Police Relief and Pension Fund, from which they provide for the payment of pensions to members of the force retired by them on account of age or disability on account of bodily injury received in the performance of their duties. Provision is also made for a pension to the widow, children, and dependent parents of officers killed in the performance of their duty, section 4, chapter 10, article VIII, of the charter providing: "The Commissioners shall out of the Police Relief and Pension Fund, provide as follows for the family of any officer, member or employee of the Department who may be killed or injured while in the performance of his duty, and who shall have died within one year from the date of such injury; . . . First—should the decedent be married, his widow shall as long as she may remain unmarried be paid a monthly pension equal to one-half of the salary attached to the rank held by the decedent at the time of his death." The trustees of the pension fund possess the powers vested in the board of police commissioners to make rules and regulations, and are required to hold quarter-yearly meetings and keep a public record of their proceedings. Such board has the power conferred on every board or commission provided for in the charter, to administer oaths and affirmations, to issue subpoenas, and to take and hear testimony concerning any matter or thing pending before it. (Charter, art. XVI, sec. 24.) The charter apparently contains no other provision than those already referred to in any way material to the procedure in the matter of such a pension as the one here sought. There is no provision whatever as to any hearing or finding by the board.

The petition for a writ of *mandamus* in this proceeding alleged that on November 14, 1910, Officer French, while engaged in breaking a colt for the police department pursuant to orders to that effect, was thrown from the colt and injured to such an extent that he died on January 10, 1911, as the result of the injury. It further alleged that plaintiff, on or about October 1, 1911, filed her verified petition with the board of trustees of said pension fund praying that she be

awarded the pension to which she would be entitled under such circumstances, and that on October 18, 1911, her application was denied by said board. She further alleged: "That at said hearing of said application and petition of the plaintiff for said pension, the plaintiff introduced evidence fully sustaining each and every allegation therein and herein set forth, without any material evidence of any kind or character being offered in contradiction or opposition to said evidence." She further alleged that on July 25, 1912, she filed a petition for a rehearing with said board, and that the same was denied on October 7, 1912.

By its answer, the board denied that the officer was injured while in the performance of any duty as a member of the department, and affirmatively substantially alleged that he was on duty until December 16, 1910, and perfectly sound in mind and body until that date, when he reported himself ill on account of "la grippe," and that he died on January 10, 1911, solely from the effects of "la grippe" and pneumonia, which were in no way contributed to or superinduced by any injury received by him while in the performance of his duty. The answer contained also an explicit denial of the allegations as to the effect of the evidence given on the hearing, which we have hereinbefore quoted, and affirmatively alleged that the evidence introduced conclusively established in the minds of the members of the board that the death was due solely and directly to "la grippe" and pneumonia, and that no injury received by French in the performance of his duty was a contributing cause of his death.

The findings of the trial court, so far as they went, were in accord with the allegations of the petition, but the only finding on the issue as to the showing made before the board of trustees was as follows: "That at said hearing of said application and petition of the plaintiff for said pension the plaintiff introduced testimony to support all of the allegations therein set forth, and that the said board of trustees of the Police Relief and Pension Fund then and there on said last mentioned date denied said application of said plaintiff for said pension." There was no finding whatever upon the allegation in the petition to the effect that there was no substantial conflict on material questions of fact in the evidence given on the hearing before the board, nor was there any finding on matters affirmatively alleged in the answer.

Upon these findings judgment was given for plaintiff, directing the issuance of a peremptory writ of mandate. We have before us an appeal from this judgment and from the order denying defendant's motion for a new trial, the same having been transferred to this court after decision by the district court of appeal for the first appellate district. The record on appeal does not set forth any of the evidence given upon the trial in the court below.

We are unable to see in the charter provisions bearing on the matter anything which can fairly be held to make the board in relation to such an application as this a tribunal possessing judicial powers whose decision on questions of fact is at all binding. The charter prescribes the contingencies on which such a pension shall be granted by the board. It says substantially that if a member of the department is killed or injured while in the performance of his duty, and dies within one year from the date of such injury, the board "shall out of the Police Relief and Pension Fund," provide for the payment to his widow, as long as she remains unmarried, of a monthly pension equal to one-half of the salary attached to the rank held by the decedent at the time of his death. *These facts existing,* the plain duty to make the provision exists. It has been held under very similar circumstances that the widow has a vested right from the date of death of her husband (*Kavanagh* v. *Board of Police Pension Fund Commrs.,* 134 Cal. 50, [66 Pac. 36]). There is absolutely nothing in the charter purporting to confide to the board the power to finally determine any question of fact in connection with such a pension. The board is apparently in the same position with relation to such a matter as is any officer required by law to do a prescribed act in a certain contingency, where no special method is provided by law for the ascertainment of the facts. Under such circumstances it may often be true that there is uncertainty or dispute as to the facts, but in such a case the only resort of the officer is such investigation as he may be able to himself make for the purpose of determining his own course of action. His determination as to the facts, however, is not effectual for any other purpose. If not satisfied as to the evidence of the essential facts he may refuse to act until required to do so by the judgment of some tribunal invested with the power to finally determine such controversy, but before such tribunal any conclusion to which he may have

come on the facts has no legal force whatever. The sole question there is whether the facts are in reality such as to require the performance of the act, and this altogether regardless of the officer's conclusion as to the facts. The party having a vested right in the performance of the act, if the facts are as claimed by him, has also the right to have his claim as to the facts judicially determined. The functions of the board in such a matter as this are really ministerial only, and come under the same principle as would apply in the case of a county or city auditor, in so far as any finality to its conclusions are concerned. We can attribute no greater force to their conclusions, in view of the condition of the charter provisions. Of course *mandamus* would not lie to compel the granting of such a pension in the absence of a prior demand made upon the board by the person beneficially interested. It may be conceded also that the board may prescribe reasonable regulations relative to such demands looking to the presentation to it of a fair showing as to the alleged facts so that it may act intelligently on the demand, and also that a court would not hold that a party has made a sufficient demand in the absence of a compliance with such regulations. But we have no question of this character on this appeal. Cases cited by counsel for appellants, including *People* v. *Los Angeles,* 133 Cal. 338, [65 Pac. 749], and *People* v. *Ontario,* 148 Cal. 625, 634, [84 Pac. 205], have no application here. As we read the charter it gives no judicial function whatever to the board in such a matter as this, confers upon it no authority to hear and determine a controversy in a judicial sense. It is not a board or tribunal by law vested with authority *to decide a question,* and herein lies the distinction between this case and the cases cited in which it was substantially held that the statute was to be construed as submitting the question to the decision of the board or officer. To hold in accord with defendants' claim in this connection would be, as we read the charter, to hold that any officer authorized and required by law to do a prescribed act upon a prescribed contingency, where no method is specially provided for the ascertainment of the facts, is invested with the power to judicially determine the facts, and that his conclusion is a judicial determination as to the facts. Such has never been declared to be the law.

In view of what we have said on the matter already discussed, there is no force in any of the points made for reversal.

The petition for a writ of mandate sufficiently stated a cause of action, and this altogether regardless of the allegation that the evidence adduced by petitioner on the hearing before the board was not contradicted by any other evidence. That allegation was superfluous and immaterial, and no finding thereon was essential. Therefore a failure to find thereon cannot be cause for reversal. The findings in her favor upon the other allegations of her petition are full and complete. As to matters affirmatively alleged by defendants in their answer by way of defense as to which no findings were made, the evidence not being before us, it must be presumed that no evidence was introduced tending to support such allegations. The trial court did not err in receiving evidence as to the facts essential to plaintiff's right to a pension, entirely regardless of whether such evidence so received was introduced on the hearing before the board. Even if this were not so, defendants would not be in a position to insist upon a reversal on account thereof, for the record does not show what any of such evidence was, and consequently it could not be held that the action of the court was in fact prejudicial.

The judgment and order denying a new trial are affirmed.

Sloss, J., Lorigan, J., Henshaw, J., Lawlor, J., and Melvin, J., concurred.

Rehearing denied.

In denying a rehearing the court in Bank rendered the following opinion on August 24, 1916:

THE COURT.—In denying the application for a rehearing, we deem it proper to say, in view of certain expressions therein as to the supposed or possible far-reaching scope of the opinion, that we were considering the *status* of the pension board solely with relation to pensions in the event of death of the officer, and what is said is not to be taken as expressing any opinion as to other matters in which the board is required or empowered to act.