[Civ. No. 3155. First Appellate District, Division One.—April 7, 1920.]

JAMES F. SHEEHAN, Respondent, v. BOARD OF POLICE COMMISSIONERS, etc., et al., Appellants.

[1] MUNICIPAL CORPORATIONS — SAN FRANCISCO — POLICE PENSION FUND—VESTED RIGHTS—MANDAMUS.—A police officer of the city and county of San Francisco, upon proof of his disabilities, having been regularly granted a pension, pursuant to the provisions of section 3 of article VIII, chapter 10, of the charter, has a vested right to retain his place upon the retired list and to have his pension continued until his disabilities shall have ceased; and, so long as his disabilities continue, he is entitled to a writ of mandate to compel the board of police commissioners, acting as a board of police relief and pension fund commissioners, to main-

tain him in said position as a retired patrolman and to continue to pay his pension.

[2] ID.—TERMINATION OF DISABILITY—JURISDICTION OF BOARD—VOID ORDERS.—After a police officer of the city and county of San Francisco is thus regularly granted a pension, the attempted action of the board of police commissioners, acting in the capacity *ex officio* of a board of police relief and pension fund commissioners, in declaring that his disabilities have ceased without any proof or showing upon the subject, and in the face of the practically undisputed fact that his disabilities have not ceased, is beyond their charter powers, and their attempted acts in so declaring and in seeking to compel him to report for duty as a patrolman, and in ordering his dismissal from the department for alleged insubordination in refusing to obey its order to so report to duty, are each and all void.

[3] ID.—REMEDIES — CERTIORARI — MANDAMUS.—That petitioner may have had also the right to apply for a writ of review to test in that form of limited inquiry the jurisdiction of the board of police commissioners to make its said several orders, cannot be held to have deprived him of his larger and more fully effective remedy by way of a writ of mandate.

[4] ID.—DEMANDS FOR PENSION WARRANTS—COMPLIANCE WITH CHARTER.—The charter of the city and county of San Francisco having required that all claims against the pension fund be passed on by the board of police relief and pension fund commissioners, who should issue warrants to the persons entitled thereto, and the petitioner having made repeated demands upon the said board for the issuance of his pension warrant, which demands were refused, his right to recover accrued pension was not barred because he had not complied with the provision of section 1 of article III, chapter 4, of the charter, requiring the presentation of all claims upon the treasury of said municipality to the auditor and treasurer thereof within a limited period after the demand became due and payable.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco. James M. Troutt, Judge. Affirmed.

The facts are stated in the opinion of the court.

George Lull, City Attorney, and Chas. S. Peery, Assistant City Attorney, for Appellants.

Charles J. Heggerty and Knight & Heggerty for Respondent.

RICHARDS, J.—This is an appeal from a judgment in the plaintiff's favor in a proceeding wherein he sought and obtained a writ of mandate requiring the defendants, as the board of police commissioners of the city and county of San Francisco, to restore said plaintiff to the position of a police officer of and in the police department of the said municipality, and also to restore the plaintiff to the pension-roll of the police and pension fund of said department, and to pay to said plaintiff his accrued pensions as a retired police officer, amounting to the sum of four thousand six hundred dollars.

The facts of the case are embraced in the findings of the court which may be summarized as follows: The plaintiff was appointed a police officer of the police department of the city and county of San Francisco on September 20, 1895, and continued in active service as such police officer until August 1, 1899, when he was injured in the performance of his duty by being thrown from a horse which he was breaking to the saddle under the orders of his superior officer, and which said horse fell upon him, causing severe injuries to his head and side, resulting in a total deafness in his right ear and injuries to his brain, producing recurring epileptic convulsions. Thereafter the plaintiff presented to the said board of police commissioners his verified petition, accompanied by suitable certificates and recommendations, requesting his retirement upon a pension on account of his disabilities, which his examining physician certified to be permanent. The said board on October 6, 1903, made its order granting said petition to the effect that the plaintiff should be retired from further service in the police department until his disabilities should cease, and that he be paid from the police and pension fund of said police department a yearly pension of six hundred dollars, being one-half the amount of salary attached to his rank as a patrolman in said department at the time of his said injuries. On January 11, 1904, the said board of police commissioners, who are also *ex officio* the board of police relief and pension fund commissioners, caused a subpoena to be issued and served upon the plaintiff requiring him to appear before them on the afternoon of said day, and show cause why he should not be restored to active duty on the

ground that his said disabilities had ceased. The plaintiff appeared at the time appointed in response to said subpoena, whereupon he was informed by said board that it had been reported to it that the plaintiff had been for some time prior thereto in the employ of the United Railroads of San Francisco in a professional capacity, viz., that of an attorney at law. The plaintiff admitted that since his retirement from active duty as a police officer he had become an attorney at law and was employed as such by the United Railroads, but stated that his disabilities for service as a police officer had not ceased and that he was still unable to perform the duties of a patrolman in the department; and he then applied for a hearing before said board upon a day set when he could produce witnesses and prove his continuing disability for such service. The board of police commissioners refused this application and, thereupon, sitting as a board of police relief and pension fund commissioners, ordered the plaintiff to report on January 12, 1904, to Dr. O. W. Jones, the police surgeon, for the purpose of physical examination, and to further report to said board at their regular meeting to be held in the evening of the last-named day. The plaintiff endeavored to comply with this direction as to his examination by the police surgeon, but the latter refused to set a date for said examination earlier than January 15, 1904, at which time the plaintiff was to appear to be examined by him. On the evening of January 12, 1904, the plaintiff appeared before said board, sitting as police relief and pension fund commissioners, according to their direction, and informed them of his inability to procure said examination by the police surgeon before January 15, 1904, and requested a postponement of his matter until that time. This request was refused and an immediate hearing ordered to be proceeded with, to which the plaintiff objected upon the ground of the shortness of the time, the absence of his attorney to represent him, and of his witnesses, and requested a continuance until he could procure the attendance of these. This request the board also denied, and thereupon proceeded, without any further hearing or trial or investigation, and without any examination of the facts of the case, to pass a resolution purporting to restore the plaintiff to active duty in the police department of the city and county of San Francisco as a patrolman, and to

order the plaintiff to report to the chief of police on the following day for assignment to active duty as such. Plaintiff did not report to the chief of police in accordance with said order, and thereupon charges of insubordination were presented by the chief of police to said board of police commissioners for the plaintiff's said failure to report for active duty. These charges were set for hearing by and before the board of police commissioners for January 26, 1904, and came on for hearing on the evening of said day, whereupon plaintiff appeared and objected to said proceedings upon the ground of want of jurisdiction in the said board to make their said order restoring him to active duty, and hence of a want of jurisdiction in them to try him upon the charge of insubordination for any disobedience of said former order. The board of police commissioners overruled his said objection, and at once proceeded to find the plaintiff guilty of insubordination and to dismiss him from the department. The plaintiff thereafter demanded of said board that they vacate and set aside their said several resolutions, and also repeatedly demanded his restoration to the pension-roll as a retired police officer and the payment of his accruing pension as such. All of these demands were refused, whereupon the plaintiff instituted this proceeding in *mandamus* to compel his restoration and reinstatement as a retired police officer, and also to compel the payment of his accrued and accruing pensions as such. He also instituted a proceeding in the nature of a writ of review to have annulled the aforesaid orders of the board of police commissioners for want of jurisdiction in the board to make the same. Upon the hearing of the plaintiff's petition for a writ of mandate in this case it was affirmatively made to appear that the plaintiff's disabilities which had led to his original retirement from active service in. the department had not ceased but still existed, and that by reason thereof the said plaintiff continued to be unable to perform active duty as a patrolman in said department. It was also conceded at the trial that there was at all times in the police relief and pension fund sufficient money to have paid the plaintiff's pension if he should be found entitled to the same.

Upon the foregoing facts as found by the trial court it rendered its judgment in the plaintiff's favor, directing a

writ to issue as prayed for, and from such judgment the defendants have prosecuted this appeal.

[1]    The charter of the city and county of San Francisco provides in section 3, chapter 10, article VIII thereof, that:

"Any member of the department who shall become physically disabled by reason of any bodily injury received in the performance of his duty upon filing with the commissioners a verified petition setting forth the facts constituting such disability and the cause thereof, accompanied by a certificate signed by the chief of police, the captain of the company to which he belongs, and by two regularly certified physicians of the city and county recommending his retirement upon a pension on account of such disability, may be retired from the department, upon an annual pension equal to one-half the amount of salary attached to the rank which he may have held three years prior to the date of such retirement, to be paid to him during his life and to cease at his death.    In case his disability shall cease, his pension shall cease, and he shall be restored to the service, in the rank he occupied, at the time of his retirement."

In the case of *Kavanagh* v. *Board of Police Pension Fund Commrs.*, 134 Cal. 50, [66 Pac. 36], it was held that a person entitled to a pension from the police pension fund of the police department of the city and county of San Francisco had a vested right to such pension which could not be taken away by subsequent changes in the charter.    It is true that this ruling was made in the construction of a former statute creating a police pension fund in said municipality (Stats. 1889, p. 56); but the supreme court, in the case of *French* v. *Cook*, 173 Cal. 126, [160 Pac. 411], points out that the provisions of the present charter of the said city and county are so far similar to those of the earlier statute as to justify the application of said former case to the charter in its present form.    The plaintiff herein having been regularly granted his pension upon proof of his disabilities had, therefore, a vested right to retain his place upon the retired list and to have his pension continued until his disabilities should have ceased.    This being so, the plaintiff, so long as his disabilities continued, would have been entitled to a writ of mandate to compel the board of police commissioners, acting as a board of police relief and pension fund commis-

sioners, to maintain him in said position as a retired patrolman and to continue to pay his pension. (*French* v. *Cook, supra.*) In the case last above cited the supreme court points out that there is no provision in the present charter of San Francisco confiding to the board of police commissioners, acting in any of its capacities, the power to finally determine any question of fact in connection with such a pension. "The board is apparently in the same position," says the court, "with relation to such matter as is any officer required by law to do a prescribed act in a certain contingency, where no special method is provided by law for the ascertainment of the facts. Under such circumstances it may often be true that there is uncertainty or dispute as to the facts, but in such a case the only resort of the officer is such investigation as he may be able to himself make for the purpose of determining his own course of action. His determination as to the facts, however, is not effectual for any other purpose. If not satisfied as to the evidence of the essential facts he may refuse to act until required to do so by the judgment of some tribunal invested with the power to finally determine such controversy, but before such tribunal any conclusion to which he may have come on the facts has no legal force whatever. The sole question there is whether the facts are in reality such as to require the performance of the act, and this altogether regardless of the officer's conclusion as to the facts. The party having a vested right in the performance of the act, if the facts are as claimed by him, has also the right to have his claim as to the facts judicially determined. The functions of the board in such a matter as this are really ministerial only, and come under the same principle as would apply in the case of county or city auditor, in so far as any finality to its conclusions are concerned. . . . As we read the charter it gives no judicial function whatever to the board in such a matter as this, confers upon it no authority to hear and determine a controversy in a judicial sense. It is not a board or tribunal by law vested with authority to decide a question, and herein lies the distinction between this case and the cases cited in which it was substantially held that the statute was to be construed as submitting the question to the decision of the board or officer. To hold in accord with defendants' claim in this

connection would be, as we read the charter, to hold that any officer authorized and required by law to do a prescribed act upon a prescribed contingency, where no method is specially provided for the ascertainment of the facts, is invested with the power to judicially determine the facts, and that his conclusion is a judicial determination as to the facts. Such has never been declared to be the law.''

[2] Giving to this language of the supreme court full force and effect in its application to the facts of this case, we are constrained to hold that the attempted action of the board of police commissioners, acting in the capacity *ex officio* of a board of police relief and pension fund commissioners, in declaring that the plaintiff's disabilities had ceased without any proof or showing upon the subject, and in the face of the practically undisputed fact, as shown by the trial of this case, that the plaintiff's disabilities had not ceased, was entirely beyond their charter powers, and hence that their attempted acts in so declaring and in seeking to compel the plaintiff to report for duty as a patrolman, and in ordering his dismissal from the department for alleged insubordination in refusing to obey its order to so report for duty, were each and all void. Being so, the plaintiff had a right to a writ of mandate to compel said board to reinstate him in his position as a retired police officer and to compel the payment of his pension.

[3] That he may have had also the right to apply for a writ of review to test in that form of limited inquiry the jurisdiction of the board to make its said several orders cannot be held to have deprived him of his larger and more fully effective remedy by way of a writ of mandate. We are, therefore, of the opinion that the trial court was correct in holding upon the practically undisputed facts before it that the plaintiff was entitled to such a writ.

[4] As to the appellants' contention that the plaintiff, conceding his right to his writ restoring him to his place upon the retired list, is not entitled to that portion of the relief granted as gives him the right to recover his accrued pension for the reason that he was not shown to have complied with section 1, chapter 4, article III of the charter, requiring the presentation of all claims upon the treasury of said municipality to the auditor and treasurer thereof within a limited period after the demand became due and

payable, we are of the opinion that this contention has no merit. We are cited to the case of *Geimann* v. *Board of Police Commrs.*, 158 Cal. 748, [112 Pac. 553], as supporting the appellants' contention in this regard; but we think a clear distinction exists between that case and the case at bar since, as pointed out in that case, the plaintiff therein was urging a salary claim as a police officer which did not require approval by the board of police commissioners before presentation to the auditor in accordance with the requirements of the section of the charter above referred to; while in the instant case the charter (sec. 9, c. 10, art. VIII) specifically requires that claims against the pension fund shall be passed on by the board of police relief and pension fund commissioners, who shall issue warrants to the persons entitled thereto. It is clear that until the person entitled to such pension had received from that body his warrant he could not have applied to the auditor or treasurer of the municipality for the payment of his claim. The undisputed proofs in this case show that the plaintiff made repeated demands upon the said board for the issuance of his pension warrant, which demands were refused. He could not do more under the charter, and hence was entitled to a writ of mandate compelling the action of said board in this respect also.

Judgment affirmed.

Waste, P. J., and Gosbey, J., *pro tem.*, concurred.

A petition to have the cause heard in the supreme court, after judgment in the dictrict court of appeal, was denied by the supreme court on June 3, 1920.

Angellotti, C. J., Wilbur, J., Lennon, J., and Sloane, J., concurred.

Shaw, J., Lawlor, J., and Olney, J., dissented.