MANUEL M. ORTIZ ET AL., Plaintiffs and Appellants, v. INSU-LAR POLICE COMMISSION OF PORTO RICO, Defendant and Appellee.

No. 4725. Argued May 7, 1929.—Decided November 14, 1929.

R. Muñoz Ramos, for appellants. James R. Beverley, Attorney General, and R. Cordovés Arana, Deputy Attorney General, for appellee.

MR. CHIEF JUSTICE DEL TORO delivered the opinion of the court.

Plaintiffs brought the present action in the District Court of San Juan and alleged as follows:

"First. That plaintiffs are retired members of the Insular Police force of Porto Rico, authorized as such by the Governor of Porto Rico, and each entitled to receive monthly as a pension the following amounts: Manuel M. Ortiz, $80.02; Enrique Rivera, $84.88; José Luján Jr., $68.71; Gerardo González, $34.35; Enrique Rodríguez, $34.35; Jaime Hernández, $34.35; Pedro Rodríguez, $68.00, and Ramón González, $34.35.

"*Second.* That the Insular Police Commission, defendant herein, is charged with the duty of paying to the plaintiffs the monthly instalments of their respective pensions from the funds which it has at its disposal for that purpose.

"*Third.* That plaintiffs, notwithstanding the demands made by them for that purpose, have been unable, up to the filing of this complaint, to collect their respective pensions corresponding to the months from February to December, 1927, inclusive, that is, eleven overdue monthly instalments in consequence whereof defendant owes to plaintiffs the sum of $4,555, to be distributed among them as follows: to Manuel M. Ortiz, $880.22, . . . making a total of $4,555, which is the amount owing from defendant to plaintiffs.

"*Fourth,.* That the defendant has available at its disposal a sum in excess of the $4,555 owing to plaintiffs and that notwithstanding this it refuses to pay to the plaintiffs the sums respectively due to each of them."

The prayer of the complaint is as follows:

"*They pray* that, in due course of law, judgment be rendered ordering the defendant to pay to the plaintiffs the sum of $4,555 due them, distributing the same among the plaintiffs in the proportion above set forth in this complaint, with costs against said defendant."

The defendant commission filed demurrers for misjoinder of parties and actions and for lack of facts sufficient to constitute a cause of action.

The court sustained the demurrers and rendered judgment dismissing the complaint without special pronouncement of costs. Plaintiffs took an appeal from that judgment.

Counsel for appellants has stated and argued his case in a very intelligent and persuasive manner. At times it seems as if logic and justice were on his side and that mere technicalities should not be a bar to the prosecution of the action to judgment in accordance with the facts and the law; but a careful consideration of all the questions involved, of the applicatory law and of the jurisprudence construing the same, leads us to the conclusion that the judgment rendered should be affirmed.

It is true that section 66 of the Code of Civil Procedure provides that "of the parties to the action, those who are united in interest must be joined," but, is there in the present case the common interest mentioned in the statute? The answer must be in the negative.

There is no doubt that all the plaintiffs have the same interest, namely, to be paid by the commission. However, the same thing might be said of the several creditors of a single debtor, whatever the origin of their respective credits; yet, the legislators can not have intended to join such creditors. The common interest must exist in the thing claimed. It must be a single cause of action although, of course, several claims might be derived therefrom. In the present case each plaintiff has his individual claim. It is true that all are of the same nature, but each of them must be considered by itself, within its own circumstances, and must be determined on its own merits.

Appellants invoke the text writer Sutherland, who in his work "Code Pleading, Practice and Forms" sets forth the general rule in regard to the joinder of parties to the effect that all persons having an interest in the subject matter of the action and in obtaining the relief demanded may be joined as plaintiffs, especially where their rights are identical in nature and kind; but, as very properly pointed out by appellee in its brief, the same text writer, in setting forth the exceptions to the rule, says:

"Severable interests.—Obviously the rule we are considering can not operate where the interests under a contract are severable. In such a case the cause of action is not single and the reason for the rule ceases. The legal interests of the plaintiffs are several, and the right of action follows the interest." 1 Sutherland, Code Pleading, Practice and Forms, p. 593.

In *Dyas* v. *Ding-Grave*, 15 La. Annual 502, 77 Am. Dec. 196, it is stated:

"Separate creditors cannot join in an action against their debtor,

unless there be a joint interest between them in the thing demanded, or a privity of contract which authorizes the joinder.''

Since the plaintiffs could not be joined as they were herein, the question of misjoinder of causes of action need not be considered.

The third demurrer was properly determined by the district court. We will confine ourselves to reproducing that court's own reasoning, with which we are fully in accord. It is as follows:

"The third demurrer is based on lack of facts sufficient to constitute a cause of action. The right of plaintiff arises from Act No. 68 of 1921 as amended by Act No. 86 of 1925 (Session Laws, p. 662). The purpose of that act is to provide for the retirement of the members of the Insular Police force and fixing rules therefor. The allegation made by plaintiffs that they are retired members of the Insular Police force does not establish by itself a right of action against the defendant Commission. The right to a pension does not arise from a contract between plaintiff and the government whose performance could be demanded through an ordinary action; the pension is a gratuity granted by the government in recognition of services rendered by an officer, but that recognition by the government does not establish a vested right in favor of the officer which might be enforced or whose execution might be compelled by an ordinary action. Of this we are convinced. Otherwise, the result should be that in the present case all the members of the Insular Police force who have been pensioned would have each of them a cause of action against the defendant Commission, and that would give rise to a multiplicity of suits, which the law discourages.

"If, as alleged by plaintiffs in their complaint, the Commission has a fund at its disposal to be applied to the payment of the pensions, and, notwithstanding the fact that payment has been demanded of it, the Commission refuses to pay to plaintiff the sums owing to them, and gives no reason or ground for its refusal, such allegations rather tend to show the existence of a duty to be performed by defendant, and not the violation of a contract whose performance might be specifically enforced.

"An ordinary action is not a proper remedy to compel a board or an officer to perform a ministerial duty imposed by law, and if such duty is the payment of a pension an ordinary action to enforce

it does not lie. 43 C.J. 817; 38 C.J. 718. See also *Seshan* v. *San Francisco Police Comr.*, 27 Cal. A. 29; 190 Pac. 51."

The judgment appealed from must be affirmed.

Mr. Justice Hutchison took no part in the decision of this case.