[Civ. No. 7526. First Appellate District, Division Two.—April 9, 1931.]

J. A. SEVINA, Appellant, v. C. E. HICKOK et al., Respondents.

LOUIS SERVENTE, Appellant, v. C. E. HICKOK et al., Respondents.

John L. McVey for Appellants.

Breed, Burpee & Robinson for Respondents.

NOURSE, P. J.—Plaintiff sued in *mandamus* to require respondents to place them upon the pension roll of the city of Alameda. The cases were consolidated for trial and were heard by the court sitting without a jury. Judgment went for respondents in both cases and the plaintiffs appeal upon a single typewritten transcript.

While the appellants were members of the police department of the city of Alameda they were indicted by the federal grand jury for conspiracy to violate the federal prohibition act. Pending their trial in the federal court they were duly suspended from office by order of the chief of police and city manager. On September 24, 1929, following their acquittal in the federal court, the appellants were both removed from office by the city manager, the order of removal reciting that the cause of such removal was "notorious and consecutive insubordination and neglect of duty". On March 18, 1930, both appellants applied to the pension board of the city of Alameda to be retired upon a pension under the terms of the so-called "Pension Ordinance" of the city. These applica-

tions were, after a hearing conducted by the pension board, both denied.

It is conceded that the police department of the city of Alameda was not under civil service and that the city manager had full power to suspend and remove a member of that department with or without cause. This concession draws a distinct line between the case at hand and all the cases cited by both parties involving the interpretation of civil service regulations. It would be difficult to find a broader grant of this arbitrary power of removal than that which is stated in section 8 of article VII of the charter which authorizes the city manager to "appoint and remove all subordinates in the police department, subject to the provisions hereinafter stated". (These "provisions" are found in section 10 of the same article. They require the filing of charges by the city manager and a hearing thereon before the police board in the case of any member of the department who had been in the service for five years prior to the time the charter took effect. This provision, it is conceded, does not apply to either of these appellants.)

While conceding, as they must, that the charter thus gives the city manager arbitrary power of removal so far as they are concerned, the appellants plant their case upon the terms of the "Pension Ordinance" enacted at an initiative election on March 10, 1925. This ordinance purported to grant the right of retirement on pension to certain members of the fire and police departments if "removed from said fire or police department for any cause other than conviction of a felony; notorious or consecutive insubordination or neglect of duty". From this it is argued that, because the pension rights of those who have been removed from the department depend upon the cause of removal, therefore the word "cause" should be read into the charter so as to limit the power of removal and, at the same time, require a formal charge and hearing antecedent to the order of removal. The rule upon which appellants' theory is based is found in *Bannerman* v. *Boyle,* 160 Cal. 197, 205 [116 Pac. 732], where it was held that where a public officer was empowered to remove another "for cause" he was required to give notice of "good cause" and to conduct a hearing upon the charges.

Primarily, it would seem that the provisions of the Alameda charter, which give to the city manager unrestricted

power of removal, could not be modified or curtailed by any provision inserted in a municipal ordinance. But we are not satisfied that there is any conflict between the charter and the ordinance. The charter prescribes the *method* of removal in all cases; the ordinance provides that one who is removed for certain causes shall not be entitled to a pension under the ordinance. Necessarily when an application is made for a pension it is incumbent upon the applicant to show that he is entitled to the pension. Then, for the first time, the ground, or cause, of his removal from the department becomes a matter of inquiry, and the body to determine that question is the pension board. To restate the matter: The city manager has power under the charter to remove without a charge and without hearing; the pension board has authority under the ordinance to grant or deny a pension under certain conditions; the latter board is the only body authorized under the charter or ordinance to determine the existence of those conditions; upon the application here under consideration the function of the pension board was limited to a determination of this ultimate fact—for what cause was the applicant removed by the city manager?

At this point it should be noted that in the petitions for *mandamus* the petitioners do not allege that they were not removed from the department for the causes assigned, and do not allege that they were not guilty of the offenses assigned in the notices of removal. They merely allege that no "charges" were filed against them and that their removal from the department was not based upon any notice or hearing of any "charge". They do not attack the proceedings had before the pension board, which found that they had been removed for the causes assigned in the notices of removal. Herein lies the distinction between these cases and *Sheehan* v. *Board of Police Commrs.*, 197 Cal. 70 [239 Pac. 844], *Garvin* v. *Chambers*, 195 Cal. 212 [232 Pac. 696], *Boyd* v. *Pendergast*, 57 Cal. App. 504 [207 Pac. 713], *French* v. *Cook*, 173 Cal. 126 [160 Pac. 411], and similar cases, which were direct attacks on the proceedings of the local board.

Here the trial court found that the pension board granted applicants full opportunity to be heard. This is the only hearing under either charter or ordinance to which they were entitled. This board having found that applicants had

been removed from the department for causes which would bar them from a pension under the ordinance, and no attack being made upon that finding, or upon the proceedings leading up to it, it follows that the court was bound to deny the writ for the very obvious reason that *mandamus* will not lie to compel the pension board to grant a pension when the unimpeached record discloses that it was the duty of the board to deny it. (*Mogan* v. *Board of Police Commrs.*, 100 Cal. App. 270, 276 [279 Pac. 1080].) To have any standing in this proceeding it was incumbent upon petitioners to plead and prove that the pension board acted arbitrarily, capriciously, or fraudulently; or, that in some other respect, the proceedings before the pension board were conducted without due regard for the rights of the petitioners.

It is not necessary to consider the other points raised as the one discussed is determinative of both appeals.

The judgments in both cases are affirmed.

Sturtevant, J., and Spence, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on May 9, 1931, and a petition by appellants to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on June 8, 1931.

Richards, J., and Langdon, J., dissented.