[S. F. No. 2435.    Department One.—August 24, 1901.]

## ANNIE R. KAVANAGH, Respondent, v. BOARD OF POLICE PENSION FUND COMMISSIONERS, Appellant.

POLICE DEPARTMENT—MEMBERSHIP OF RETIRED OFFICER.—A police-officer of San Francisco, retired from active service on account of age, who has not resigned or been dismissed from the department, still remains a member of the department.

ID.—POLICE PENSION FUND—WIDOW OF RETIRED OFFICER—VESTED RIGHTS—CITY CHARTER.—The widow of a police-officer of San Francisco, who had been placed upon the retired list, and pensioned under the act of 1889 creating the police pension fund, and who died from natural causes, prior to the adoption of the city charter, has vested rights in the pension fund, which cannot be affected by the subsequent adoption of the city charter revising the law governing police pensions in San Francisco.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco.    J. M. Seawell, Judge.

The facts are stated in the opinion.

Franklin K. Lane, City Attorney, and William I. Brobeck, Assistant City Attorney, for Appellant.

Joseph J. Dunne, and Edgar D. Peixotto, for Respondent.

HAYNES, C.— Appeal from a judgment awarding the plaintiff a peremptory writ of mandate requiring the defendant to pay her the sum of one thousand dollars from a fund created by an act passed in 1889, entitled "An act to create a police relief, health, and life insurance and pension fund." (Stats. 1889, p. 56.) The appeal is from the judgment rendered for the plaintiff upon the failure of defendant to answer after its demurrer to the third amended complaint was overruled.

Plaintiff is the widow of J. H. Kavanagh, deceased. Said Kavanagh was appointed and sworn as a member of the police department of the city and county of San Francisco on October 23, 1863, and served from that time until January 3, 1893, as an active member of said police force. At the date last named, said Kavanagh, having served for more than twenty years as an active patrol police-officer, and having attained the age of sixty-two years, was by the board of police commissioners placed upon the retired list of the police department, and pensioned pursuant to the provisions of section 3 of said act of 1889. Said Kavanagh never resigned, nor was he ever dismissed from said department. He died from natural causes, on August 28, 1897. There is sufficient money in said fund applicable to the payment of plaintiff's demand, if she is entitled thereto. The foregoing facts are condensed from the complaint. The demurrer is upon the ground that it does not state facts sufficient to constitute a cause of action.

Plaintiff's claim is based upon section 7 of said act, as amended in 1891 (Stats. 1891, p. 287), which reads as follows: "Whenever any member of the police department of such county, city and county, city, or town shall, after ten years of service, die from natural causes, then his widow or children, or if there be no widow or children, then his mother or unmarried sisters, shall be entitled to one thousand dollars from such fund."

Appellant contends that Kavanagh was not a *member* of the police department at the time of his death, and that therefore his widow is not entitled to any insurance under the provisions of said act, and in support of this contention cites section 3 of said act, which provides that when "a member" of the department has served twenty years or more, "said board shall be empowered to order and direct that such *person* shall, after

becoming sixty years of age, *and his service in such police department shall have ceased*, be paid from such fund a yearly pension," etc. The argument of counsel is based upon the words above italicized, which, it is contended, show that Kavanagh was not a "member" of the police department. But the statute itself shows that the "services" of a member may cease without terminating his membership. In section 4, the statute speaks of persons "retired from active service," and "restored to active service," and section 8 requires all members of the police force who may be retired under the provisions of the act to report to the chief of police at stated times, and section 13 provides, among other things, that "no person who has *resigned* or been *dismissed* from said police department shall be entitled to any relief from said fund"; and as members of the police department have no terms of office, it would appear that membership could only be terminated by death, resignation, or dismissal, while "retirement" only affects services and compensation, the retired member being still required to perform such duty as may be required by the chief of police, "in cases of great public emergency." (Sec. 8.)

Appellant further contends that the right of the petitioner "is further clouded by the fact" that the new charter, which went into effect January 8, 1900, contains provisions revising the law governing police pensions in the city and county of San Francisco. (Citing Charter, c. 10, art. 8.) This article of the charter, it is said, contains, in itself, a complete revision of the police pension system of San Francisco; that the statute and charter provisions are not capable of harmonious operation; that it is competent for the legislature to repeal or modify the statute controlling such funds (citing *Pennie* v. *Reis*, 80 Cal. 266); and that the charter supersedes all laws inconsistent therewith. (Citing Const., art. XI, sec. 8.)

Kavanagh died, however, before the charter was approved or took effect. At the time of his death, the statute under which the plaintiff asserts her claim was in full force, and this proceeding was commenced and the alternative writ of mandate was issued September 16, 1899, before the provisions of the city charter relied upon by appellant could have any force or effect. Respondent's right therefore became vested while the statute under which she claims was in full force, and it was

not competent for the legislature, or any other authority, to deprive her of that vested right. (*Pennie* v. *Reis*, 132 U. S. 471.)

The judgment appealed from should be affirmed.

Gray, C., and Cooper, C., concurred.

For the reasons given in the foregoing opinion the judgment appealed from is affirmed.

Garoutte, J., Van Dyke, J., Harrison, J.