[Civ. No. 967.   First Appellate District.—May 17, 1912.]

REBECCA COHRN, Petitioner-Respondent, v. P. L. HENDERSON et al., as the Board of Police Commissioners, and Constituting the Board of Trustees of the Police Relief and Pension Fund of the City and County of San Francisco, Defendants-Appellants.

PENSION RELIEF UNDER ACT OF 1889—SUPERSEDURE BY CHARTER—DEATH OF PRIOR PENSIONER AFTER CHARTER—RIGHTS OF WIDOW CONFINED TO CHARTER.—The charter of the city and county of San Francisco relative to the pensioning of police officers, their wives and other dependents, which took effect January 1, 1900, was intended to supersede and repeal the provisions of the prior act of 1909 on that subject, as respects all rights not then actually vested thereunder, and where a police officer who was pensioned under the prior

statute died after the taking effect of the charter, his widow, who is entitled to no rights under the provisions of the charter, can claim none under the superseded act.

ID.—POWER TO REPEAL OR ALTER LAW—CONTINGENT RIGHT NOT VESTED. A law providing pensions for officers and their dependents may be repealed or altered at any time before the happening of the contingency upon which the right to the pension vests.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco, granting a writ of mandate in favor of the petitioner against the defendants.   Geo. H. Cabaniss, Judge.

The facts are stated in the opinion of the court.

Percy V. Long, City Attorney, and John F. English, Assistant City Attorney, for Appellants.

J. C. B. Hebbard, and T. J. Crowley, for Respondent.

HALL, J.—This is an appeal from a judgment granting to petitioner a writ of mandate against defendants, directing them to pay her the sum of $1,000 out of the police relief and pension fund.

The matter was determined in the lower court upon demurrer to respondent's petition.

Edward Cohrn was appointed a policeman of the city and county of San Francisco in 1868.   He was retired from active service in 1895 upon a pension as then provided by the general police pension law of 1889.   He continued to draw said pension until his death, which occurred in 1909 from natural causes.

Petitioner is the widow of said Edward Cohrn, and claims to be entitled to the sum of $1,000 under the provisions of section 7 of the act of the legislature of March 3, 1889 (Stats. 1889, p. 57), as amended in 1891.   (Stats. 1891, p. 287.)

The present charter of the city and county of San Francisco went into effect on the first day of January, 1900, which was prior to the death of said Edward Cohrn.   The charter contains a complete scheme for the pensioning of police officers, their widows and other dependents, and we have no doubt was intended to supersede and repeal, so far as the city and county of San Francisco was concerned, the general law upon the

same subject.    That such was its effect was held by this court in *Burke* v. *Trustees etc.,* 4 Cal. App. 236, [87 Pac. 421], which was a proceeding in *mandamus* by the widow of a police officer who had died since the taking effect of the charter. There is no provision of the charter under which petitioner can or does claim to be entitled to anything as the widow of the deceased officer.

Respondent relies upon the case of *Kavanaugh* v. *Board etc.,* 134 Cal. 50, [66 Pac. 36], as sustaining her right to the $1,000; but Kavanaugh not only died, but his widow presented her demand and procured the issuance of the writ before the taking effect of the charter.    The case is not in point.

That a law providing pensions for officers and their dependents may be repealed or altered at any time before the happening of the contingency upon which the right to the pension vests is not and cannot be denied.    (*Pennie* v. *Reis,* 80 Cal. 266, [22 Pac. 176] ; *Pennie* v. *Reis,* 132 U. S. 464, [33 L. Ed. 426, 10 Sup. Ct. Rep. 149].)

The judgment is reversed and the trial court is directed to sustain defendants' demurrer to the petition and to enter judgment thereon for defendants.

Kerrigan, J., and Lennon, P. J., concurred.