[S. F. No. 8194.  In Bank.—December 12, 1917.]

## MARY O'DEA, Respondent, v. JESSE B. COOK et al., Appellants.

MUNICIPAL CORPORATIONS — POLICE PENSION — AMENDMENT OF CHARTER BETWEEN DATE OF INJURY AND DEATH.—Where at the time a member of a city police department received injuries, which resulted in his death more than one year later, the city charter provided for a pension to the family without any limit as to time elapsing between the injury and the death, and before the death the charter was amended so as to provide for a pension only to the family of a member "who may be killed while in the performance of his duty, and who shall have died within one year from the date of such injury," this limitation as to time had no retrospective effect, and the widow was entitled to a pension under the original charter provision.

ID.—POLICE PENSION—"GRATUITY"—CONSTITUTIONAL LAW.—A pension to the family of a member of a police department, killed or injured while in the performance of his duty, is not a gratuity or gift within the inhibition of section 31 of article IV of the constitution of California, denying power to the legislature or to any political subdivision of the state to make any gift of public money to any individual.

ID.—PENSION AS A "GRATUITY" DEFINED.—A pension is a gratuity only when granted for services previously rendered, which gave rise to no legal obligation at the time they were rendered.

ID.—PENSIONS — CONTRACT — STATUTES.—Where services are rendered under a pension statute, the pension provisions become a part of the contemplated compensation and a part of the contract itself.

STATUTES—PENSIONS—REPEAL OF PENSION STATUTE BEFORE DEATH.—Where pensions authorized by statutes are predicated merely upon death occurring *during the period of service*, a repeal of the pension statute, before the death of the person who might otherwise be entitled destroys the pension right.

ID.—PENSIONS.—Pension statutes serving a beneficial purpose are to be liberally construed.

ID.—Construction — Prospective or Retrospective Effect.—Statutes
   are to be given prospective and not retrospective effect, unless the
   latter effect is made compulsory by the language of the act itself.

APPEAL from a judgment of the Superior Court of the
City and County of San Francisco. Bernard J. Flood, Judge.

The facts are stated in the opinion of the court.

Percy V. Long, George Lull, and Maurice T. Dooling, Jr.,
for Appellants.

Andrew F. Burke, for Respondent.

HENSHAW, J.—Edward O'Dea was a member of the
police department of the city and county of San Francisco
when in December, 1912, in the performance of his duties,
he received injuries which directly and approximately caused
his death on March 8, 1915, two years and three months
thereafter. The foregoing statement, so far as this appeal is
concerned, stands as an admitted fact. After his death his
widow made application to the trustees of the police relief
and pension fund of the city and county of San Francisco
seeking the pension which she asserted was due her under the
law. Upon the trustees' refusal to recognize the validity of
her demand she brought her action in mandate in the superior
court setting forth the foregoing facts. The board of trustees
filed a general demurrer to her complaint which was over-
ruled. They declined to answer further and judgment in
mandate was given in favor of the widow. From this judg-
ment the board of trustees has appealed.

At the time O'Dea sustained the injuries which resulted in
his death the law (found in the charter of San Francisco,
article VIII, chapter X) declared that the commissioners out
of the police relief and pension fund shall provide for the
family of any officer, member, or employee of the department
who may be killed while in the performance of his duty, as
follows:

"First—Should the decedent be married, his widow shall so
long as she may remain unmarried be paid a monthly pension
equal to one-half of the salary attached to the rank held by
the decedent at the time of his death. . . . ''

Subsequent to the time when O'Dea sustained his injuries, and while he was suffering therefrom, this provision of the charter was amended to read as follows:

"Sec. 4. The Commissioners shall, out of the Police Relief and Pension Fund, provide as follows for the family of any officer, member or employee of the Department who may be killed or injured, while in the performance of his duty, and who shall have died within one year from the date of such injury. . . . "

The refusal of the board to recognize the widow's claim was based upon its view that at the time of O'Dea's death, when the widow for the first time became entitled to a pension on account of death, the controlling law under which it could be granted was that found in the amendment of 1913, and as O'Dea admittedly had not died within one year from the date of his injury, the widow's claim was not allowable.

Upon this appeal this is the proposition argued, and in the argument it is pointed out that the amendment was made to relieve from the uncertainty as to the length of time which must elapse between injury and death, which uncertainty was noted in *Edwards* v. *Sweigert*, 15 Cal. App. 503, [115 Pac. 256].

Further, appellant insists that the respondent had acquired no vested rights to a pension which the amendment could not take away, and that whatever rights she did possess were, in fact, taken away by the amendment and by virtue of the fact that her husband did not die within one year after sustaining his injuries.

A pension such as this law contemplates is not a gratuity or a gift. If it were, all of the provisions pertaining to it would be void under the constitution of the state. (Art. IV, sec. 31; *Taylor* v. *Mott*, 123 Cal. 497, [56 Pac. 256].) A pension is a gratuity only where it is granted for services previously rendered which at the time they were rendered gave rise to no legal obligation. (*United States* v. *Teller*, 107 U. S. 64, [27 L. Ed. 352, 2 Sup. Ct. Rep. 39]; *Mahon* v. *Board of Education*, 171 N. Y. 263, [89 Am. St. Rep. 810, 63 N. E. 1107]; *State* v. *Love*, 89 Neb. 149, [Ann. Cas. 1912C, 542, 34 L. R. A. (N. S.) 607, 131 N. W. 196].) But where, as here, services are rendered under such a pension statute, the pension provisions become a part of the contemplated compensation for those services and so in a sense a part of the

contract of employment itself. (*Hammitt* v. *Gaynor*, 144 N. Y. Supp. 123; *State* v. *Love, supra; People* v. *Abbott,* 274 Ill. 380, [113 N. E. 696].)

Cases are abundant, many of them are cited by appellants, where pensions are predicated merely upon the death occurring during the period of service. As death, and death only, by the terms of these statutes fixes the right to a pension, a repeal before death operates to destroy the pension right. Such are the cases of *Pennie* v. *Reis,* 80 Cal. 266, [22 Pac. 176]; *Cohrn* v. *Henderson,* 19 Cal. App. 89, [124 Pac. 1037].

It is a firmly established principle of judicial construction that pension statutes serving a beneficial purpose are to be liberally construed. (*Walton* v. *Cotton,* 60 U. S. 355, [15 L. Ed. 658]; *Hanscom* v. *Malden etc. Gas Light Co.,* 220 Mass. 1, [Ann. Cas. 1917A, 145, 107 N. E. 426].)

A fundamental and universal rule in the construction of statutes is that they shall be given prospective effect and not retrospective effect, unless such latter effect is made compulsory by the language of the act itself. (*Vanderbilt* v. *All Persons,* 163 Cal. 507, [126 Pac. 158].)

Nothing in this act forces the conclusion that it was designed to apply to past injuries which thereafter might result in death. Its reasonable construction under the rules of interpretation above given is that it was designed to apply to cases arising in the future and to set a time limit as to them alone. It therefore does not dispose of the matter to say merely that the respondent had no vested right in the pension until the death. True, she had no such vested right. True, she could secure no widow's pension at all unless the death occurred under the circumstances contemplated by the statute, but from the very moment that her husband sustained his fatal injuries in the performance of his duty she had a right, springing from the fact of the infliction of the fatal injury, to the pension if and when death ensued, and that right since we are not compelled to give the amendment a retrospective effect, was a right existing and continuing to exist under the unamended law. In its essence the principle is the same as that which governs the legal right of action for death. It is the injury which creates the right though the right of action itself does not arise until death follows the injury. "While the action lies to recover damages for death, death does not constitute the tort. The fact of death is not

the tort, but its consequence. Negligence, unlawful violence of a wrongful act is the tort, although death must result from injury caused by such negligence, violence or act before the statutory cause of action accrues.'' (*Van Doren* v. *Pennsylvania R. Co.*, 93 Fed. 260, [35 C. C. A. 282].)

Analogous in principle is the case of *Baur* v. *Court of Common Pleas*, 88 N. J. L. 128, [95 Atl. 627]. An employee had sustained injuries. He filed his petition for compensation more than two years after the occurrence of the accident. At the time of the accident there was no limitation prescribed by law concerning the time when application for compensation should be made, but before he filed his application, by amendment, the statute fixed a time limit of one year after the occurrence. It was argued that his application was filed too late and was barred by the very terms of the statute. There the court refused to give the act a retrospective effect, and holding to the ''well-recognized and established rule that a statute shall have a prospective effect only,'' decreed that the amended statute of limitation applied only to cases arising thereafter.

For these reasons the judgment appealed from is affirmed.

Sloss, J., Shaw, J., Melvin, J., and Angellotti, C. J., concurred.