[L. A. No. 9186. In Bank.—October 16, 1926.]

ELLA B. HOME, Respondent, v. O. M. SOUDEN et al., Pension Commissioners, etc., of the City of Los Angeles et al., Appellants.

[1] MUNICIPAL CORPORATIONS—FIRE DEPARTMENT—PENSIONS.—Where a municipality adopted an ordinance creating a commission and provided for the establishment of a pension fund and authorized the commission to continue payment to persons already receiving pensions under the general state law creating a fireman's pension fund (Stats. 1905, p. 412), the widow of a fireman of the city killed in the performance of his duties whose pension of one-third of the pay of her deceased husband was continued in force after the adoption of the ordinance is entitled to the benefit of an amendment to the ordinance subsequently passed raising the pension from one-third to one-half of the pay of the deceased fireman.

[2] ID.—INCREASE OF PENSION—CONSTITUTIONAL LAW.—Such increase
of pensions under said ordinances after the original pension
right vested does not constitute a gift or gratuity rendering the
ordinance to that extent void.

(1) 28 Cyc., p. 554, n. 6.   (2) 28 Cyc., p. 554, n. 6.

APPEAL from a judgment of the Superior Court of Los
Angeles County. Ira F. Thompson, Judge. Affirmed.

The facts are stated in the opinion of the court.

Jess E. Stephens, City Attorney, and Cecil A. Borden,
Deputy City Attorney, for Appellants.

John B. Haas and John D. Home for Respondent.

Brittain & Weise, *Amici Curiae.*

WASTE, C. J.—The defendants appeal from a judgment
in *mandamus.* Thomas S. Home, husband of plaintiff and
respondent, was killed on April 17, 1907, while in the per-
formance of his duties as a member of the fire department
of the city of Los Angeles. At the time of his death he held
the rank of captain, and the salary which then attached to
his position was $125 per month. On May 2, 1907, Ella B.
Home was granted a pension, under the provisions of the act
creating a firemen's pension fund (Stats. 1905, p. 412), equal
to one-third of the amount of the salary attached to the rank
which her husband held in the department at the time of his
death.

In 1913 the council of the city of Los Angeles adopted an
ordinance (No. 28,252, N. S.) creating a commission, and
providing for the establishment of a pension fund. By the
terms of section 13 of the ordinance the commission was
authorized to continue payment to persons already receiving
pensions under the general state law (*supra*). Since the
passage of the ordinance, the pension paid respondent has
been continued, and it is conceded by appellants that she has
been paid an amount equal to one-third of the salary at-

2. See 20 Cal. Jur. 1001.

tached to the rank of captain in the fire department, as the same has been increased from time to time.

The ordinance (*supra*) was amended in certain respects. (Ordinances Nos. 38,884, 39,144 and 39,725, N. S.) By the terms of Ordinance No. 39,725, N. S., it was provided (sec. 5) that: "Whenever any member of said Fire Department shall lose his life while in the performance of his duty, then . . . said commission shall order and direct that a yearly pension equal to one-half of the amount of the salary attached to the rank or position which he may have held in the fire department" shall be paid to his widow during her life. The amended ordinance further provided (sec. 13) that the commission should examine and consider all pensions theretofore granted under the general laws of the state, or under the provisions of Ordinance No. 28,252, N. S. (*supra*), and if, in the opinion of the commission, such pensions should be continued, the persons receiving the same should be entitled to all the rights and privileges granted under the ordinance, as if they were at that time members of the city fire department. After the passage of the amended ordinance, respondent presented to the commission her claim for an increase in her pension from one-third to one-half of the amount of the salary paid Captain Home at the time of his death. Her demand was refused on the ground, it is asserted by appellants, that the amendment, increasing the amount of the pension to be paid in the event of the death of a member of the fire department, did not apply to pensions which had been granted or accrued under the general state law of 1905.

Subsequently, there was adopted an amendment to the charter of the city of Los Angeles, by the addition of a new article, designated as article XI½, creating a department of the government of the city known as "The Fire and Police Pension Department." Section 4 of the article provides for a pension to be paid to the dependents of a member of the fire or police department who shall die as a result of injuries received in the discharge of his duty in an amount equal to one-half of the salary attached to the rank or position which the deceased person held at the time of his death. It is also provided in section 5 that, "The provisions as herein in this charter contained shall apply to all members of the fire and police departments as in this section defined, and to all

members of said departments who have heretofore been granted pensions; provided, however, that all pensions granted heretofore and still in operation shall remain and continue to operate the same as when granted.'' After the adoption of the charter amendment, the respondent instituted this proceeding in *mandamus,* praying that she be allowed and paid a pension equal to one-half of the amount of the salary attaching to the rank held by her husband at the time of his death, the increased allowance to run from the date of the ordinance increasing the amount of the pension to be paid in such cases. Judgment was entered in her favor, and this appeal followed.

[1] It is the contention of the appellants that the ordinance of 1913 merely continued in force the pension originally granted to the respondent under the general state statute, and that the subsequent amendment to that ordinance increasing the amount to be paid to the widows of deceased firemen was, in terms, prospective only in its operation, and therefore not applicable to respondent. This construction of the amendment to the pension ordinance, they assert, was announced and adhered to after its passage, and they contend that such interpretation was approved and ratified by the voters of the city when they amended the charter by the adoption of section XI½, *supra.* To accept the contentions of the appellants is, we think, to nullify the effect of the ordinances relating to the pension system of the city of Los Angeles which were in force when the charter amendment was adopted. By virtue of the terms of section 13 of the ordinance of 1920 (*supra*), if, in the opinion of the commissioners, pensions granted under the general state law should be continued, the persons receiving such pensions were granted ''all the rights and privileges,'' under the ordinance, as if they were at the date of its passage ''members of said fire department.'' The effect of this provision was to remove distinctions between pensions granted under the state law and those granted under the city system. In the case of respondent, she was forthwith entitled to a pension equal to one-half, instead of one-third, of the amount of the salary attached to the rank held by her husband at the time of his death. Consequently, the adoption of the amendment to the city charter (*supra*) has no bearing on the facts of the

present case other than to ratify the right of respondent to a pension in the increased amount claimed by her.

Appellants deny the persuasive effect of the cases relied on by respondent (*Aitken* v. *Roche,* 48 Cal. App. 753 [192 Pac. 464]; *Kavanagh* v. *Board of Police Pension Fund Commissioners,* 134 Cal. 50 [66 Pac. 36]; *O'Dea* v. *Cook,* 176 Cal. 659 [169 Pac. 366]), and also contend that they are not in point, and do not support the position of the respondent, for the reason that they deal with questions affecting "members" of the departments involved, while, in the present case, the claimant is but the widow of a deceased member, and under no consideration can be regarded as a member of the city fire department. As to the first suggestion of appellants, we see no present reason for departing from the reasoning found in the decisions cited. As to the second contention, we need only point to the provision contained in the pension ordinance that, when upon examination by the commission of pensions granted under the state law it was of opinion that such pensions should be continued, "the persons receiving such pensions" under the act should be entitled to all the rights and privileges under the ordinance as if they were at the time "members of said fire department." The decisions relied on by the respondent clearly hold that members of such departments, retired on pension, are entitled to the benefit of legislation increasing the salary of active members.

[2] The further contention of appellants that, if the respondent is entitled to an increase of pension under the ordinances, after her pension right has vested, such increase constitutes a gift or gratuity, and renders the ordinance to that extent void, is, we think, satisfactorily answered by the decision of this court in *O'Dea* v. *Cook, supra.*

The judgment of the lower court is affirmed.

Richards, J., Curtis, J., Shenk, J., and Seawell, J., concurred.

Rehearing denied.

Finlayson, J., did not participate.