[Civ. No. 11857. Second Appellate District, Division Two.—November 21, 1938.]

TRUMAN O. LAMB, Appellant, v. BOARD OF COUNTY PEACE OFFICERS RETIREMENT COMMISSION OF LOS ANGELES COUNTY et al., Respondents.

Holbrook & Tarr and Leslie R. Tarr for Appellant.

J. H. O'Connor, County Counsel, and J. F. Moroney and Earl O. Lippold, Deputies County Counsel, for Respondents.

McCOMB, J.—From a judgment in favor of respondents after the trial court sustained a demurrer without leave to amend to a petition for a writ of mandate requiring the Board of County Peace Officers Retirement Commission of the County of Los Angeles to make an order allowing petitioner a retirement allowance petitioner appeals.

The material facts alleged in the petition for a writ of mandate are:

August 14, 1930, petitioner, a Los Angeles County motorcycle officer, received injuries while engaged in the performance of his duty, which totally and permanently disabled him. Thereafter he was awarded permanent disability compensation by the industrial accident commission of the state of California.

December 4, 1937, he applied to the Board of County Peace Officers Retirement Commission of the County of Los Angeles for a disability retirement allowance under the 1937 amendment to the County Peace Officers Retirement Act (Stats. 1931, chap. 268, p. 477; Act 5845, vol. Two, Deering's Gen. Laws, (1937) p. 2774). The last paragraph of section 11 of the act as amended reads as follows:

"*Section retroactive.* The provisions of this section shall be retroactive as to the past service of any member who shall be entitled to the benefits contained herein." (Stats. 1937, chap. 303, p. 665; vol. Two, Deering's Gen. Laws, (1937) Act 5848, p. 2778.) This application was denied.

■ This is the sole question necessary for determination: *Is a county motorcycle officer who is totally and permanently disabled at a time when there is no retirement act in force applicable to him entitled to a pension under the provisions of a subsequently enacted statute, when a later amendment to the act attempts to make it retroactive "as to the past services of any member"?*

This question must be answered in the negative. ■ A pension is a gratuity when it is granted for services previously rendered and which at the time they were rendered gave rise to no legal obligation. (*O'Dea* v. *Cook*, 176 Cal. 659, 661 [169 Pac. 366].) ■ The law is settled that the legislature has no power to make any gift or authorize the making of any gift of any public money or thing of value to any individual, municipal or other corporation (sec. 31, art. IV, Const. of the state of California), nor does the legislature have power to grant or authorize any court or municipal authority to grant any extra compensation or allowance to any public officer after services have been rendered by him. (Sec. 32, art. IV, Const. of Calif.)

Applying the above-stated rules to the instant case, it is evident that the pension which petitioner is endeavoring to collect is a gratuity, because, due to his permanent disability, he has not rendered any service to the state or any subdivision thereof subsequent to the enactment of the law authorizing the pension which he desires.

Therefore, since it is a gratuity, the legislature was without authority to adopt the portion of section 11 of Act 5848 set forth *supra*, which attempted to make the provisions of the pension act retroactive, for the reason that sections 31 and 32 of article IV of the Constitution of the state of California, the substance of which so far as applicable here is hereinabove set forth, denied to the legislature the authority to grant or authorize any subdivision of the state to grant an annuity gift or extra compensation to any public officer for services previously rendered.

The cases relied upon by petitioner, such as *Home* v. *Souden,* 199 Cal. 508 [250 Pac. 162]; *O'Dea* v. *Cook,* 176 Cal. 659 [169 Pac. 366]; *Kavanagh* v. *Board of Police P. F. Commrs.,* 134 Cal. 50 [66 Pac. 36]; *Jones* v. *Cooney,* 82 Cal. App. 265 [255 Pac. 536]; *Klench* v. *Board of Pension Fd. Commrs.,* 79 Cal. App. 171 [249 Pac. 46]; *Aitken* v. *Roche,* 48 Cal.

App. 753 [192 Pac. 464] ; *Sheehan* v. *Board of Police Commrs.*, 47 Cal. App. 29 [190 Pac. 51], are cases which are factually different from the instant case or where the language of the court relied upon is contrary to the constitutional provisions above mentioned.

For the foregoing reasons the judgment is affirmed.

Crail, P. J., concurred.

WOOD, J., Concurring.—I concur in the judgment. It appears from the petition that petitioner made application to the industrial accident commission for an award for injuries suffered in the course of his employment. The application was granted and petitioner is now receiving the sum of $5.48 per week in accordance with the award made by the commission. It is provided in section 14 of the act under which petitioner seeks relief: "No peace officer who receives compensation from the county for disability under any workmen's compensation act or by virtue of any judgment obtained against the county for disability shall receive any of the benefits provided by this act, nor in the event of his death shall any such benefits inure to his dependents as here provided; provided, however, that where such person is retired under the provisions of this act and would be entitled to a pension thereunder such person may receive such portion of the pension authorized as is represented by the difference between workmen's compensation and the full amount of the pension to which he might otherwise be entitled, it being the intention that the pension allowed for injury incurred in line of duty shall not be cumulative with the benefits under workmen's compensation which may be awarded for the same injury or disability." Petitioner is not retired under the provisions of the act in question. In my opinion the affirmance of the judgment should be based upon the ground that section 14 precludes petitioner from the relief sought.

A petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on January 19, 1939.