[Civ. No. 10656. First Appellate District, Division One.—November 30, 1939.]

MARION C. JORDAN, Appellant, v. RETIREMENT BOARD, SAN FRANCISCO CITY AND COUNTY EMPLOYEES RETIREMENT SYSTEM, Respondent.

A. M. More, Peter Wedvig and E. B. Mering for Appellant.

John J. O'Toole, City Attorney, and Thomas P. Slevin, Deputy City Attorney, for Respondent.

KNIGHT, J.—Respondent's demurrer to appellant's petition for a writ of mandate was sustained without leave to amend, and from the judgment entered thereon this appeal was taken.

The purpose of the proceeding was to compel the respondent board to grant appellant's application for a widow's pension; and the facts of the case, as they are alleged in the petition for the writ, are as follows: Frank Jordan was appointed a member of the fire department of the city and county of San Francisco on March 31, 1905. In February, 1914, while engaged in the performance of his duties as a hoseman he was overcome with smoke, which caused an asthmatic condition, and that same month he was retired on a pension. Some nine years later, to wit, in July, 1923, he married appellant, and the marriage relationship continued

up to the time of his death, which occurred on August 31, 1935; and it is alleged that he died as the result of the ailment for which he had been retired. Shortly after his death appellant filed her application for a widow's pension, but it was rejected by the respondent board, whereupon she instituted the present proceeding.

The following are the charter provisions of the city and county of San Francisco necessary to be considered in determining the controversy: In 1905, at the time Jordan became a member of the department, and in 1914, at the time of his injuries and retirement, section 4, chapter VII, article IX, of the charter provided for an annual pension to be paid to any member of the fire department who became physically disabled by reason of any bodily injury received in the performance of his duty, the same "to be paid to him during his life and to cease at his death". Also at the time of his injuries and retirement section 5, chapter VII, article IX, of the charter provided for a pension for the widow of a fireman who died as a result of injury sustained in the performance of duty within a year from the date of such injury. In 1925, which, as will be noted, was ten years or more after Jordan's retirement and approximately two years subsequent to his marriage to appellant, said section 4 was amended, whereby, among other things, this provision was added: "provided, that should said retired officer or member die leaving a widow, such widow shall, as long as she may remain unmarried, be paid an annual pension equal to one-half the salary attached to the rank held by said officer or member of the Department at the time of his retirement . . . ." In 1929, section 5 was amended so as to provide that if a member of the fire department died as a result of any injury received during the performance of his duty, or from sickness caused by the discharge of his duty, his widow, as long as she remained unmarried, was entitled to a pension equal to one-half of the salary attached to the rank held by the decedent at the time of his death. And in 1932, which, as will be observed, was some three years prior to Jordan's death, the city and county of San Francisco adopted a new charter, wherein the provisions relating to "Present Retired Members and Present Beneficiaries, Fire Department", were embodied in section 170 thereof; and it was therein provided that any member

who shall have been retired on or after January 1, 1900, and prior to January 21, 1925 (Jordan, it will be remembered, was retired in 1914), and shall be receiving a pension, shall continue to receive a pension throughout his life, "subject to the provisions of section 169 governing the payment of pensions granted because of disability incurred in the performance of duty, including the payment of such pensions to widows, . . . ", etc.; and section 169 (entitled "Present Members of Fire Department") declares in part that " . . . (b) The family of any member of the fire department who shall die as a result of any injury received during the performance of his duty, or from sickness clearly, unmistakably and directly caused by and resulting from the discharge of such duty, . . . shall receive the following benefits. First, should the decedent leave a widow *to whom he was married prior to the date of the injury* resulting in death, his widow shall, as long as she may live and remain unmarried, be paid a monthly pension equal to one-half of the salary attached to the rank held by the decedent at the time of his said injury. . . . " (Italics ours.)

Petitioner claims no pension rights under the charter provisions which were in force at the time Jordan became a member of the department nor at the time of his injury and retirement, nor could she make such claim, because as will be observed it was provided by said section 4 (pursuant to which Jordan was granted his pension) that the pension to be paid thereunder to a disabled fireman ceased at his death; and section 5 provided for the payment of a pension to the widow of a fireman only where he died as a result of injuries within a year from the date of such injuries. As stated in her briefs, her claim is founded upon the 1925 and 1929 amendments to said sections 4 and 5, and is based upon the theory that her right to a pension thereunder became vested in her at the time of the enactment of said amendments, and that being so vested, the right could not afterwards be taken away. It is well established, however, that pension rights do not vest at the time of the enactment of the law, but only upon the happening of the contingency or event upon which the right thereto accrues (*Klench* v. *Board of Pension Fund Commrs.*, 79 Cal. App. 171 [249 Pac. 46]; *O'Dea* v. *Cook*, 176 Cal. 659 [169 Pac. 366]), and that

at any time before the happening of the contingency upon which the right to the pension vests the law granting such right is subject to alteration or repeal. (*Cohrn* v. *Henderson,* 19 Cal. App. 89 [124 Pac. 1037] ; *Pennie* v. *Reis,* 80 Cal. 266 [22 Pac. 176] ; *Pennie* v. *Reis,* 132 U. S. 464 [10 Sup. Ct. 149, 33 L. Ed. 426].) Here Jordan's right to a pension vested in him in 1914 at the time of his injuries and retirement, and having vested in him at that time his right thereto could not have been subsequently taken away. (*O'Dea* v. *Cook, supra.*)

■ Admittedly, however, petitioner's alleged pension rights did not come into being until the enactment of the 1925 and 1929 amendments, and under the rule of the Klench case, *supra,* could not become a vested right until the happening of the contingency or event upon which the right thereto accrued, to wit, the death of her husband; and three years prior to the accrual of such right the 1925 and 1929 amendments under which she claimed such right were repealed by the adoption of the new charter, which, as shown, provides in effect that when a member of the department shall have been retired on a pension (as in the case of Jordan) on or after January 1, 1900, and prior to January 21, 1925, and shall have died, his widow to whom he was married "prior to the date of the injury" resulting in death shall be entitled to the pension provided for therein. Therefore, since petitioner was not married to Jordan prior to the date of the injuries which she claims resulted in his death, she is ineligible to the pension under said provision.

■ Petitioner seems to argue that the provisions of the 1925 and 1929 amendments should be given a retrospective effect so that the pension rights she claims thereunder shall become part of the pension right vested in Jordan in 1914 at the time of his retirement. As stated, however, in the case of *O'Dea* v. *Cook, supra,* a fundamental and universal rule in the construction of statutes is that they shall be given prospective and not retrospective effect, unless such latter effect is made compulsory by the language of the act itself. There is an absence of any such language in either of the amendments relied on by petitioner.

■ It is also contended in substance that inasmuch as a pension is not deemed to be a bounty or a gratuity, but is upheld in law on the theory that pension provisions become

a part of the contemplated compensation for services rendered under the pension statute, and so in a sense become a part of the contract of employment itself (*O'Dea* v. *Cook, supra*), that the additional pension rights claimed by petitioner under the 1925 and 1929 amendments constituted an increase in Jordan's compensation, and became a part of his contract of employment, which increase could not afterwards be taken away. It appears to be definitely settled, however, that a pensioner has no vested right to a specific sum as a pension, but that sum may be increased or decreased according to correspondent increases or decreases in the salary of the rank upon which the pension is based. (*Klench* v. *Board of Pension Fund Commrs., supra; Murphy* v. *City of Piedmont*, 17 Cal. App. (2d) 569 [62 Pac. (2d) 614, 64 Pac. (2d) 399]; *Casserly* v. *City of Oakland*, 6 Cal. (2d) 64 [56 Pac. (2d) 237; *Home* v. *Souden*, 199 Cal. 508 [250 Pac. 162]; *Brooks* v. *Pension Board*, 30 Cal. App. (2d) 118 [85 Pac. (2d) 956]; *Carr* v. *Fire Commission*, 30 Cal. App. (2d) 208 [85 Pac. (2d) 959]; *Jones* v. *Cooney*, 82 Cal. App. 265 [255 Pac. 536].) Therefore, if, as petitioner contends, the provisions of the 1925 and 1929 amendments shall be deemed to be an increase in the amount of the pension, the adoption of the new charter in 1932, three years before Jordan's death, operated under the circumstances here present to take the increase away.

■ Another argument advanced is that if respondent's position is sustained it will bring about the result of denying a pension to the widow of one fireman of a certain rank, and the granting of a pension to the widow of another fireman of a like rank. In answer thereto it will suffice to say that no public officer is entitled as of right to a pension. (*Douglas* v. *Pension Board, etc.*, 75 Cal. App. 335 [242 Pac. 756].) Eligibility thereto is regulated by statute (*Klench* v. *Board of Pension Fund Commrs., supra*), and where, as here, such eligibility does not exist, it is beyond the judicial powers of the court in construing the statute to add thereto. Courts must take a statute as they find it, and if its operation results in inequality or hardship in some cases, the remedy therefor lies with the legislative authority. (*Bock* v. *City of Oakland*, 19 Cal. App. (2d) 115 [64 Pac. (2d) 1098].)

The remaining points urged by petitioner are merely incidental to those already discussed, and likewise are without

merit. Therefore, since petitioner has failed to show that under the law she is entitled to a pension, the judgment must be affirmed, and it is so ordered.

Ward, J., and Peters, P. J., concurred.

A petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on January 29, 1940.