[Civ. No. 14057. Second Dist., Div. Two. June 26, 1943.]

GLADYS BEATRICE CHANEY, Respondent, v. LOS AN-
GELES COUNTY PEACE OFFICERS' RETIREMENT
BOARD et al., Appellants.

J. H. O'Conner, County Counsel, Beach Vasey and Ed-
ward H. Gaylord, Deputies County Counsel, for Appellants.

Francis A. Cochran for Respondent.

McCOMB, J.—This is an appeal, on the judgment roll
alone, from a decree granting a writ of mandate directing

payment to petitioner of a pension of $75 per month as the widow of Albert G. Chaney who had been retired on a pension pursuant to the provisions of Act 5848 of Deering's General Laws (Chapter 268, page 477, Statutes of 1931, as amended), which act will hereinafter be referred to as "the act." This act provides for a peace officers' retirement system in every county which, by ordinance passed by a four-fifths vote of the Board of Supervisors, accepts the provisions of the act.

The essential facts are:

On July 1, 1927, Albert G. Chaney was employed by the county of Los Angeles as a county peace officer as defined in the act. On February 13, 1934, the Board of Supervisors of Los Angeles County passed, by a four-fifths vote, an ordinance accepting and adopting the provisions of the act. On August 27, 1937, section 11 of the act was amended to provide among other things:

"Whenever any member shall be killed, or die, . . . after retirement, . . . or while eligible to retirement on account of years of service, then an annual pension shall be paid in equal monthly installments to his widow . . . in the sum of $75 per month. . . ." (Chapter 303, page 664, Statutes of 1937.)

On December 1, 1939, Mr. Chaney was retired pursuant to the provisions of the act. On September 13, 1941, the act was again amended including section 11 thereto, so as to delete that part of section 11 quoted above which made provision for widow's pensions. (Chapter 745, pages 2264, 2271, and 2272 of the Statutes of 1941.) There was added at the same time to the act a new section 11.5 which read thus:

"At any time before the first payment on account of any pension is made, or within 60 days after the effective date of this section, a member or beneficiary may elect to receive the actuarial equivalent at that time of his pension in a lesser pension payable throughout his life and that of his widow, if she survives him, in accordance with one or the other of the following options:

"Option 1: Upon his death, such lesser pension shall be continued throughout the life of and paid to his widow.

"Option 2: Upon his death one-half of such lesser pension shall be continued throughout the life of and paid to his widow." (Sic. Chapter 745, page 2264 of the Statutes of 1941.)

At the date of his death, and for five years prior to his retirement, petitioner was the lawful wife of Mr. Chaney and she has not remarried.

On March 16, 1943, the Board of Retirement rejected petitioner's application for a pension, whereupon petitioner instituted the present proceeding.

 This is the sole question necessary for us to determine:

*Is petitioner entitled to a widow's pension under the provision in section 11 of the act as it read on December 1, 1939, the date her husband retired, but which provision in section 11 of the act was deleted prior to the date of his death, November 2, 1941?*

This question must be answered in the affirmative and is governed by this rule:

 Statutes are to be given prospective effect and not retrospective effect, unless the latter effect is made compulsory by the very language of the statute itself. (*Vanderbilt* v. *All Persons,* 163 Cal. 507, 513 [126 P. 158]; *O'Dea* v. *Cook,* 176 Cal. 659, 662 [169 P. 366]; see also *Sweesy* v. *Los Angeles etc., Retirement Board,* 17 Cal.2d 356, 361 [110 P.2d 37].)

 Appellants (respondents in the superior court) contend that section 11.5 of the act quoted above shows an intention upon the part of the Legislature to make the 1941 amendments to the act retrospective as well as prospective, and stress the words in the quoted section providing that "within sixty days after the effective date of this section, a member or beneficiary may elect" to accept one of the "options" provided in the act.

We are of the opinion that the use of the word "may" in such section was used in its permissive sense (*Ostrander* v. *City of Richmond,* 155 Cal. 468, 470 [101 P. 452]), and that the effect of the section was merely to afford members who had retired prior to the 1941 amendment the option of accepting the benefits provided by the act as amended or retaining their rights under the act as it read at the date of their retirement.

Authorities of other jurisdictions cited by appellants are not of assistance in the instant case in view of the decisions of our own courts upon the points here involved. (See *Jones* v. *Cooney,* 82 Cal.App. 265, 268 [255 P. 536].) Neither is the case of *Jordan* v. *Retirement Board,* 35 Cal.App.2d 653

[96 P.2d 973], in point, for the reason that such case is factually distinguishable from the present case. In *Jordan* v. *Retirement Board* the statute upon which the petitioner predicated her rights had been repealed prior to the time her inchoate right had ripened into a choate right, that is, prior to the date of the death of her husband. In the present case the statute upon which petitioner predicates her rights had not been repealed, but had been merely amended. (See *Sweesy* v. *Los Angeles etc., Retirement Board, supra,* 161 et seq.) Since in the present case there is nothing in the act as amended to require the conclusion that the amendments were designed to apply to past rights, vested or inchoate, which might thereafter, upon the death of an officer who had been retired at the date of the 1941 amendment, result in a pension right to his widow, the reasonable construction of the act under the rule of law above stated is that such amendment was intended to apply only to cases arising in the future.

The facts of the instant case are analogous to those in *O'Dea* v. *Cook, supra,* and the principle of law is identical. So nearly are the cases identical that the language used by Mr. Justice Henshaw in the O'Dea case may be paraphrased and applied to the instant case thus:

In this case nothing in the act forces the conclusion that it was designed to apply to past rights, vested or inchoate, which thereafter might, upon the officer's death, result in a pension right to his widow. It's reasonable construction under the rule of interpretation above given is that it was designed to apply to cases arising in the future. It therefore does not dispose of the matter to say merely that respondent had no vested right in the pension until death. True, Mrs. Chaney had no vested right. True, she could secure no widow's pension at all unless the death of Mr. Chaney occurred as contemplated by the statute, but from the very moment that her husband, Mr. Chaney, was retired, she had a right, springing from the fact of his retirement, to the pension, if and when death ensued, and that right, since we are not compelled to give the amendment to section 11, adopted in 1941, a retrospective effect, was a right existing and continuing to exist under the unamended law.

In view of the conclusions which we have reached it is unnecessary to discuss other arguments presented by counsel.

For the foregoing reasons the decree is affirmed.

Moore, P. J., and Wood (W. J.), J., concurred.

Appellants' petition for a hearing by the Supreme Court was denied August 23, 1943. Edmonds, J., Traynor, J., and Schauer, J., voted for a hearing.