[Civ. No. 17531.   First Dist., Div. One.   Jan. 10, 1958.]

DANIEL J. BEGLEY, Appellant, v. CITY OF BERKELEY
et al., Respondents.

Francis T. Cornish for Appellant.

Fred C. Hutchinson, City Attorney, and Robert T. Anderson, Assistant City Attorney, for Respondents.

BRAY, J.—Plaintiff appeals on the judgment roll alone from an adverse judgment entered upon an order sustaining demurrer without leave to amend to his complaint for a writ of mandate to compel defendants to grant him a certain pension.

## QUESTION PRESENTED

Does plaintiff have any standing under the Berkeley firemen's pension ordinance?

## FACTS

Prior to October 30, 1909, plaintiff became a member of the Berkeley Fire Department and has never resigned nor been discharged. In 1934 he became disabled as a result of injuries received in active service. He was then granted a disability pension under the provisions of the Firemen's Relief and Pension Law.* He has been paid and is being paid an amount equal to one-half of the salary currently paid to the rank of captain. Berkeley adopted ordinance Number 2188-N.S. effective April 28, 1938. This ordinance was amended by ordinance Number 2254-N.S. effective April 20, 1939.† The state law provides that any person retired for disability shall report quarterly to the department. Plaintiff did this regularly from 1934 to October 30, 1939, and kept himself and has continued to keep himself available for emergency service. On that date he was told not to report further. He then (and some 30 years after he first joined the department) requested the form of application for a pension required by the ordinance to be provided by the fire pension board. It being refused him, plaintiff then made a written application to the board, claiming to have been a member of the department for over 30 years, and asking for a hearing to determine his status and pension rights. A hearing was denied and a determination had that he was not entitled to any pension under the ordinance.

---

*Stats. 1905, p. 412; Deering's Gen. Laws, Act 2592, now codified as Gov. Code §§ 50800-50914 inclusive; hereafter referred to as "the state law."

†Ordinance No. 2188-N.S. as amended will be referred to as "the ordinance."

### Is Plaintiff a Member of the Fire Department?

The determination of plaintiff's rights under the ordinance depends first upon whether he is a member of the fire department, and if so, secondly, whether there is any provision in the ordinance which because of his receiving pension under the state law excludes him from the benefits of the ordinance. The ordinance, if applicable, provides as it would affect plaintiff that "any member of the Fire Department" having served 30 years in the aggregate- is entitled to retire from the service and receive a pension of an amount equal to two-thirds of the current salary of the rank of captain. The state law provides that a fireman physically disabled by reason of bodily injury received in performance of his duty may be retired and receive the pension provided by the act. Whenever his disability ceases the pension ceases and he shall be restored to active service. He may be summoned at any time for examination as to his fitness for duty and must abide by the decision and order of the board provided by the act (a different board than the one provided by the ordinance). He must report quarterly (as above stated) and in cases of great public emergency he may be assigned to duties by the fire chief without pay. He shall receive no further pension if he fails to report himself for examination or to obey the orders of the board. "[N]o person who has resigned or been dismissed from said fire department shall be entitled to any relief from such fund . . ." (Stats. 1905, p. 412.) It is clear from the above provisions that a fireman retired for disability under the state law is nevertheless still a member of the department. (See *Kavanagh* v. *Board of Police Pension Fund Commrs.*, 134 Cal. 50 [66 P. 36] ; *Aitken* v. *Roche*, 48 Cal.App. 753, 758 759 [192 P. 464] ; *United States* v. *Tyler*, 105 U.S. 244 [26 L.Ed. 985] ; *Home* v. *Souden*, 199 Cal. 508, 512 [250 P. 162] ; *Sweesy* v. *Los Angeles etc. Retirement Board*, 17 Cal.2d 356, 360 [110 P.2d 37].)

### Did the Ordinance Exclude Plaintiff?

Section 34 provides: "All pensions heretofore granted by the City of Berkeley to members of the Fire Department, or their widows or other dependents shall continue to be paid from the Firemen's Pension Fund [the fund created by the state law and from which plaintiff receives his present pension] and not from the Fire Pension Fund created by this ordinance. *This ordinance shall not apply to such pensioners, whose status shall be determined entirely by the*

*act under which they were pensioned."* (Emphasis added.)
Plaintiff's disability pension is one "heretofore granted."
Thus the question is whether this section excludes plaintiff
from the benefit of the ordinance.

In determining the effect of the ordinance we must
apply the rule that pension provisions must be liberally con-
strued in favor of the applicant. (See *Terry* v. *City of Berke-
ley,* 41 Cal.2d 698, 702 [263 P.2d 833], interpreting this very
ordinance on another point.) Even applying that rule
we can see no reasonable interpretation of section 34 of the
ordinance other than that it was intended to provide and does
provide not only that pensions theretofore granted under the
state law could not be paid out of the fund created by the ordi-
nance but also that the ordinance shall not apply to state
law pensioners. Plaintiff's contention that the section means
merely that resort shall not be had to the fund created by
the ordinance for the purpose of paying future installments
of pensions already granted completely overlooks the ordi-
nance's reference to the status of the pensioners receiving
pensions already granted. The section not only states that
the ordinance shall not apply to such pensioners but also that
their status shall be determined entirely by the state law.
The language is clear. Plaintiff's status is that of a disability
pensioner and as such the ordinance expressly excludes him.

Nor does section 36 in any way modify section 34. Section
36 provides: "This ordinance shall be the exclusive method
of granting pensions. From and after the effective date of this
ordinance no pension shall be granted to any member of the
Fire Department . . . *except under the terms and provisions
of this ordinance."* (Emphasis added.) Plaintiff contends
that the italicized portion above modifies section 34. There
is nothing to this contention. "[U]nder the terms and pro-
visions of this ordinance" prior pensioners are expressly ex-
cluded.

Plaintiff also contends that the ordinance is uncon-
stitutional if it excludes prior pensioners. We know of no
authority, and plaintiff has cited none, holding that a city
may not adopt, as here, a complete new pension system and
exclude therefrom pensioners under an older system as long
as the new system in no way curtails or abridges their rights
and privileges under the old. *Kern* v. *City of Long Beach,*
29 Cal.2d 848 [179 P.2d 799], upon which plaintiff relies, is
not in point. There a member of the fire department had

paid into the pension fund a percentage of his salary for many years under an ordinance which would enable him to retire after 20 years aggregate service. A few days before the fireman would have completed 20 years service, the city passed an ordinance purporting to repeal all pension provisions and to eliminate pensions as to all persons not then eligible for retirement. The case pointed out that it is well settled that pension rights acquired by public employees under statutes similar to the Long Beach ordinance are vested rights and cannot be taken away from such employees. In our case the ordinance in no way attempted to take away or even curtail any of plaintiff's vested rights. It merely excluded him as a pensioner under another system from obtaining any rights under the new system. There is nothing unreasonable in classifying pensioners then on retirement differently from employees then in active service and giving the latter future rights additional or different to what they would have received under the old system. The ordinance in its application to plaintiff is constitutional.

The provision of section 7 supports the construction of the ordinance which we have given here rather than as claimed by plaintiff. That section provides that a member who has been retired for disability *under the provisions of the ordinance* and has not been restored to active service would receive a monthly pension of only one-half of the basic salary. It would be a rather unique interpretation of the ordinance to hold that it intended that persons retired under the state law could receive under the ordinance a pension of two-thirds of the basic salary while persons retired under the ordinance could only receive a pension of one-half of such salary. As plaintiff's status is expressly excepted from the application of the ordinance, the board properly refused to grant him a hearing or an additional pension.

The judgment is affirmed.

Peters, P. J., and Wood (Fred B.), J., concurred.

A petition for a rehearing was denied January 29, 1958, and appellant's petition for a hearing by the Supreme Court was denied March 6, 1958.