[Civ. No. 11749.  First Dist., Div. Two.  Dec. 23, 1941.]

FRED A. SIMMONS et al., Appellants, v. BOARD OF POLICE PENSION FUND COMMISSIONERS OF THE COUNTY OF SAN MATEO, STATE OF CALIFORNIA et al., Respondents.

E. C. Mahoney for Appellants.

Gilbert D. Ferrell, District Attorney, and D. E. Sullivan, Assistant District Attorney, for Respondents.

NOURSE, P. J.—The two petitioners sought a writ of mandate to effect their retirement under the Police Pension Act.  The demurrer was sustained without leave to amend.

The petitioners are both constables who have served as such in separate townships of San Mateo County for more than thirty years.  The respondents are the three public officials of the county designated by the act of March 4, 1889

(Deering's Gen. Laws, Act 6012) to serve as the board of police pension fund commissioners of the county, except that the sheriff is sued as one of said commissioners instead of the "chief of police" who is named as such in the act.

It is the contention of appellants that they are entitled to retire under the provisions of the foregoing act because of their service as "peace officers" for the required number of years. It is the contention of respondents that the act does not apply to "peace officers" of a county, or township, but is made applicable only to those public agencies "where a regular police department is maintained"; that a constable is an officer of a township, chosen by the electors of the township, which is a distinct political entity, citing *Kenyon* v. *Johnson*, 97 Cal. App. 552, 555 [276 Pac. 110]. Reference is made to the statute of May 5, 1931 (Deering's Gen. Laws, Act 5848), which in plain terms creates a pension fund and provides for the retirement of sheriffs, constables, and other "peace officers," but which is not applicable to San Mateo County because it provides that its terms shall be approved and accepted by the board of supervisors before it shall become effective or applicable in any specific county.

The question presented is simply one of statutory construction—whether the legislature intended Act 6012 to apply to the elective peace officers of a county or township, or whether its provisions were limited to those public agencies which maintained a "regularly constituted police department."

Section 9 of Act 5848 defines "county peace officers" as including "all sheriffs, under-sheriffs . . . constables, deputy constables. . . . " Section 10 makes all such "peace officers" eligible for participation in the act after a fixed term of employment. It is entitled an act relating to "county peace officers as defined in the act" and is commonly known as the "County Peace Officers' Retirement Law."

Act 6012 is entitled "an act to create a police relief . . . pension fund. . . . " It was enacted in 1889 and was designed for and made use of by the city and county of San Francisco. (*Pennie* v. *Reis*, 80 Cal. 266 [22 Pac. 176].) It was made available to anyone who had served for more than twenty years as a member "of the regularly constituted police department of any such county, city and county, city, or town. . . . " The "pension fund" out of which the bene-

fits are to be paid is made up of certain license fees, fines for certain misdemeanors, fines imposed upon the members of the "police force" for violations of the rules of the police department and from a special appropriation "equal to two percent of the salaries paid to the policemen . . . payable from the funds of such municipal corporation." (Sec. 12.) Prior to the amendment of 1917 this section required the treasurer to "retain from the pay of each member of the police department the sum of two dollars per month" to be added to the "pension fund." It is a matter of common knowledge that this act when passed was designed to reach the police department of the city and county of San Francisco, as stated in the early case of *Pennie* v. *Reis* (*supra*); it was made to apply to all "counties, cities and counties, cities, and towns of the state" to avoid the constitutional inhibition against special legislation. It expressly refers to a "regularly constituted police department" as such organization is distinguished from the miscellaneous group of "peace officers" such as sheriffs, constables, and their deputies. It left the administration of the act to the "board of police commissioners" or to a special commission of three of which the "chief of police" was one. None of these officers is known to the political organization of the ordinary county.

We are in accord with the view of the trial judge that "It is a familiar principle of statutory construction that where two acts bear upon the same, or upon kindred subjects, to ascertain the meaning of either they must be construed together. . . . "

"It is my opinion that 5848 constitutes a legislative declaration that 6012 is inadequate to cover the instant situation which it was contemplated might arise, and it was adopted with a view of giving relief under the circumstances here involved."

The judgment is affirmed.

Spence, J., and Sturtevant, J., concurred.