[Civ. No. 10098. First Appellate District, Division One.— February 4, 1937.]

ANNE K. BOCK, Appellant, v. CITY OF OAKLAND (a Municipal Corporation) et al., Respondents.

Decoto & St. Sure for Appellant.

F. Bert Fernhoff, City Attorney, and John W. Collier, Assistant City Attorney, for Respondents.

TYLER, P. J.—Mandate to compel respondents to pay to petitioner a pension under the charter provisions of the City of Oakland. Respondents demurred to the petition and their demurrer was sustained without leave to amend. This is an appeal from the judgment.

The facts show that one Charles Bock, now deceased, and Anne K. Bock, petitioner herein, intermarried in March, 1902. Decedent became a member of the Oakland police department and for many years prior to his death on April 20, 1934, he held the rank of captain of police. In July, 1930, decedent, while on active duty as a police officer, suffered an acute dilation of the heart, which developed into myocarditas. As a result thereof Bock was on July 31, 1931, retired temporarily from active duty by resolution of the Board of Trustees of the Police Relief and Pension Fund. The resolution stated, among other things, that the retirement "was on account of physical disability", the recital being that "in accordance with section 95 of the Charter of the City of Oakland" Bock had petitioned "to be temporarily retired . . . on account of physical disability by reason of bodily injury received in the performance of his duty". Bock remained on disability pension from August 1, 1931, to the time of his death on April 20, 1934. In April, 1935, petitioner applied to the said board for a widow's pension under the provisions of section 96-1-a of the Oakland charter. Her application was heard on April 29, 1935, and on that date was rejected for the reason that the Oakland charter provides that a pension paid to a disabled officer shall "cease at his death" and that therefore his widow can receive no pension. Appellant then applied to the Superior Court of Alameda County for a writ of mandate to compel respondents to grant her demand for a pension. Respondents demurred to the petition and their demurrer was sustained without leave to amend. The appeal, as above stated, is from such judgment.

It is conceded by appellant that this court in the case of *Edwards* v. *Sweigert,* 15 Cal. App. 503 [115 Pac. 256], held that the widow of a pensioned disabled police officer was not entitled to a pension under charter provisions similar to those contained in the Oakland charter, and that the Supreme Court approved this ruling. The San Francisco charter, under which the Edwards case was decided (S. F. Charter, sec. 3, chap. X, art. VIII) and Oakland charter, section 95, article XIV, are identical. Each charter provides that a police officer may apply for retirement on a pension on account of disability resulting from injury received while in the performance of duty, and each charter states that such pension is "to be paid to him during his life, and to cease at his death". The Edwards case holds that under such a provision, where an officer is retired on a disability pension, his widow can recover no relief upon his death.

Counsel for appellant has cited us to other charter provisions and presented supposititious cases that might happen thereunder, the application to which of the interpretation given in the Edwards case, he claims, would work an inequality and render the decision unreasonable and illogical. Assuming this to be true, courts must take a statute as they find it. A law may work an inequality or hardship in some cases but there are few laws, as said in the Edwards case, that do not. The case last mentioned has been decided and acquiesced in for more than twenty-five years. If subject to the criticism of appellant it could have been changed. While we do not agree with counsel that the decision is unreasonable and illogical, where a decision of a court of last resort has been acted upon for a long period of time, as here, it ought not and as a rule will not be disturbed where contractual relations or rights are resting upon the decision. The law should remain a settled guide and not be subject to flexible and restless precepts. To overthrow the Edwards case would no doubt raise serious questions between municipalities which should remain settled by the precedent for all time. Moreover, the Edwards case having been approved by the Supreme Court it ought to be followed by us until set aside by that body.

The judgment is affirmed.

Knight, J., and Cashin, J., concurred.