[No. F014131. Fifth Dist. May 1, 1991.]

In re JASON V. et al., Persons Coming Under the Juvenile Court Law.
KERN COUNTY DEPARTMENT OF HUMAN SERVICES, Plaintiff and Respondent, v.
EARL APPLEGATE et al., Objectors and Appellants.

COUNSEL

Rachel Lederman, under appointment by the Court of Appeal, for Objectors and Appellants.

B. C. Barmann, County Counsel, and Marvin R. Coston, Deputy County Counsel, for Plaintiff and Respondent.

S. Clay Bedford, under appointment by the Court of Appeal, for Minors.

## OPINION

**THAXTER, J.—** ■ We decide here that Welfare and Institutions Code[1] section 903, imposing liability for costs of supporting a minor ordered to out-of-home placement by the juvenile court, does not extend to legal guardians.

### STATEMENT OF CASE

Because this appeal raises a single issue, requiring construction of a statutory provision, we need only give a brief statement of the proceedings below and relevant facts.

The juvenile court, after hearings, found that minors Jason V. and Christina J. were persons described by section 300. The minors' legal guardians were identified as their maternal aunt, Erline Applegate, and her husband Earl. As part of its dispositional orders, the court directed that the minors remain placed in foster care outside the guardians' home. Over the Applegates' objection the court ordered that the Applegates reimburse Kern County in the amount of $100 per month per minor as contributions to the minors' support.

On appeal the Applegates attack only the order for reimbursement for support. The minors filed a separate brief in which they, in essence, join in the Applegates' arguments.

### DISCUSSION

Section 903, subdivision (a) makes "[a] parent of a minor, the estate of a parent, and the estate of the minor, . . . liable for the reasonable costs of support of the minor while the minor is placed, or detained in, or committed to, any institution or other place pursuant to an order of the juvenile court."

This appeal centers on the meaning of the term "parent" in section 903. The Applegates and minors contend that "parent" means mother or father and does not include legal guardians. They further contend the order requiring the Applegates to reimburse the county is without statutory basis. Respondent Kern County Department of Human Services argues that "parent," as used in section 903, includes legal guardians, and the reimbursement order is therefore valid.

---

[1] All statutory references are to the Welfare and Institutions Code unless otherwise indicated.

Interpretation of the statutory language is, of course, a matter of law (Evid. Code, § 310, subd. (a)). We are not bound by the implied conclusion of the juvenile court that section 903's use of the term "parent" includes legal guardians. (*County of Madera* v. *Superior Court* (1974) 39 Cal.App.3d 665, 668 [114 Cal.Rptr. 283].)

■    The search for the meaning of a statute begins with the statutory language itself, for "[i]t is axiomatic that in the interpretation of a statute where the language is clear, its plain meaning should be followed." (*Great Lakes Properties, Inc.* v. *City of El Segundo* (1977) 19 Cal.3d 152, 155 [137 Cal.Rptr. 154, 561 P.2d 244].) "As a general rule courts are precluded from interpreting a statute unless the statutory language is uncertain or there is doubt regarding the legislative intent." (*Leffel* v. *Municipal Court* (1976) 54 Cal.App.3d 569, 572 [126 Cal.Rptr. 773].)

■    In this case, the language at issue could hardly be clearer: the statute provides only that a "*parent* of a minor, the estate of a *parent*, and the estate of the minor" may be liable for support payments to the county. "[C]ourts should give effect to statutes 'according to the usual, ordinary import of the language employed in framing them.' " (*Merrill* v. *Department of Motor Vehicles* (1969) 71 Cal.2d 907, 918 [80 Cal.Rptr. 89, 458 P.2d 33].) The "usual, ordinary" meaning of the word "parent" can hardly be disputed, and it does not include an aunt or uncle acting as legal guardian.

A brief look at the history of section 903 is illuminating. Before 1983, section 903 did not restrict its scope to "[a] parent of a minor, the estate of a parent, and the estate of the minor, . . ." Instead, the statute imposed liability on "The father, mother, spouse, or other person liable for the support of a minor person, . . ."[2] Clearly, the Legislature intended the former section to include other than parents. When it repealed the former section and enacted the current version, the Legislature conspicuously deleted references to a "spouse, or other person liable for the support of a minor person." (Stats. 1983, ch. 1135, §§ 2, 3, eff. Sept. 28, 1983.)[3] The Legislature's apparently conscious choice of language more restrictive than it previously employed compels the conclusion that legal guardians are no longer within the intended scope of the provision.

Even if there were some ambiguity in the meaning of the term "parent," rules of construction operate in favor of the Applegates.  ■   "It is well

---

[2] Former section 903, as applied in a section 602 wardship case, was declared unconstitutional for reasons which do not affect the issue under consideration here. (*In re Jerald C.* (1984) 36 Cal.3d 1 [201 Cal.Rptr. 342, 678 P.2d 917].)

[3] Section 903 was further amended in 1984 without changing the language pertinent to this case. (Stats. 1984, ch. 485, § 1.)

established that a specific provision should be construed with reference to the entire statutory system of which it is a part, in such a way that the various elements of the overall scheme are harmonized." (*Bowland* v. *Municipal Court* (1976) 18 Cal.3d 479, 489 [134 Cal.Rptr. 630, 556 P.2d 1081].) And "the provisions of the same code relating to the same subject matter are to be construed together as one act, as though all were passed at the same time." (*Kahn* v. *Kahn* (1977) 68 Cal.App.3d 372, 381 [137 Cal.Rptr. 332].)

■ With these principles in mind, examination of sections 903 and 903.5 together inescapably leads to the conclusion that "parent," as used in both of those sections, simply means "mother or father." Section 903.5 provides that "the parent *or other person legally liable for support of a minor,* who voluntarily places the minor in 24-hour out-of-home care, shall be liable for the cost of the minor's care . . . . *As used in this section 'parent' includes any person specified in Section 903.*" (Italics added.)

Thus section 903.5 clearly indicates that "parent" (as the term is used in § 903) does not include "other person[s] legally liable for support of a minor." Otherwise, use of the phrase "parent or other person legally liable for support of a minor" in section 903.5 would be redundant, and statutes shall be construed where possible to avoid making some words surplusage. (*Moyer* v. *Workmen's Comp. Appeals Bd.* (1973) 10 Cal.3d 222, 230 [110 Cal.Rptr. 144, 514 P.2d 1224].)

Respondent does not cite any authority for its argument that a legal guardian is a "parent" for purposes of section 903. Instead, respondent merely urges us to so read the statute "in the interest of fairness and justice." Our assignment, however, is not to assess the wisdom of legislation. "Courts must take a statute as they find it, and if its operation results in inequality or hardship in some cases, the remedy therefor lies with the legislative authority." (*Jordan* v. *Retirement Board* (1939) 35 Cal.App.2d 653, 658 [96 P.2d 973], disapproved on another point in *Eichelberger* v. *City of Berkeley* (1956) 46 Cal.2d 182, 189-190 [293 P.2d 1]; see *Lee* v. *Board of Administration* (1982) 130 Cal.App.3d 122, 132 [181 Cal.Rptr. 754].)

## DISPOSITION

The orders directing appellants Earl and Erline Applegate to reimburse Kern County for support of the minors are reversed.

Martin, Acting P. J., and Vartabedian, J., concurred.